WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.
April, 1878.

## STORMS' WILL.

*In the matter of the probate of the last will and
testament of* CATHERINE STORMS, *deceased.*

Proof of the due execution of a codicil, which contains an express refer-
ence to a will previously executed, which it declares it is to be taken as
a part of, supplies the want of proof of the proper execution of the
will itself.

THIS was an application for the probate of the last
will and testament of Catherine Storms, deceased, to-
gether with the codicil thereto annexed.  The facts
are stated in the opinion.

JAMES S. SEE, *executor, in person.*

THE SURROGATE. — An alleged will, purporting to have been made by the deceased, bearing date January 7th, 1871, to which Joseph B. Brown and Elisha H. Purdy were subscribing witnesses, is offered for probate. To it is annexed a codicil, dated September 19th, 1873, to which Abraham D. Stephens and Charles G. Stephens are subscribing witnesses, which is also propounded for probate.

Purdy, one of the witnesses to the will, cannot be found, nor can it be shown that he is absent from the state, dead or insane. As the will relates to personal property only, there would be no difficulty in proving the will, if it could be shown he is absent from the state, as Brown, the other witness, has given his testimony, proving the due and proper execution of the instrument, and Purdy's handwriting is susceptible of proof. The witnesses to the codicil have proved its due execution. Under these circumstances, are both instruments sufficiently proven ?

The codicil commences as follows: " Whereas I, Catherine Storms, * * * have made my last will and testament, bearing date the 7th day of January, 1871, in and by which I have given and bequeathed to Mahala J. Gilbert the sum of $400," (which is so given in the will);

" Now, therefore, I do, by this my writing, which I hereby declare to be a codicil to my said last will and testament, and to be taken as a part thereof, order and declare that my will is that the sum of $600 be paid to her, in lieu of the said sum of $400," &c.

The last clause of the codicil is as follows: " And,

lastly, it is my desire that this codicil be annexed to and made a part of my last will and testament, as aforesaid, to all intents and purposes."

A codicil, well executed, which by its terms republishes a will found to be deficiently executed, is a good publication of the will, and any informality in the execution of the will is corrected by the codicil, duly executed. (In the goods of Mary Ann Dickin, 2 *Robert. Eccl.*, 298 ; Mooers *v.* White, 6 *Johns. Ch.*, 374, 375. A republication of a will is tantamount to making the will *de novo*. The will so republished is a new will. ( *Wms. on Exrs.*, 188, 189; *Jarm. on Wills*, 122, 123.)

The only effect of the will and codicil being united in the same paper is to render unnecessary any express reference to the unattested document for the purpose of identifying it. (*Jarm. on Wills.*, 124.) So that, whether the codicil in question was annexed to the will before or after execution is of no consequence, as it makes an express reference to the will.

Although no informality in the execution of the will itself is apparent, the reason for the rule as to the republication applies with as much force where, for any reason, proof of proper execution cannot be obtained, as where the defective execution appears on the face of the document.

Hence, the execution of the codicil to the will of the decedent having been properly proven, it follows that both must be admitted to probate.

Ordered accordingly.