In the Matter of the Probate of the Will of JARVIS KNAPP, Deceased.

*(Surrogate's Court, Orange County, Filed January 12, 1893.)*

WILL—REVIVAL OF REVOKED.

> A will which has been formally revoked, but not destroyed, can be revived by the execution of a codicil to it without a re-execution of the will. The intermediate will is thereby revoked.

Probate of will.

Esmond & Ward, for petitioner.

COLEMAN, S.—Jarvis Knapp, on the 11th day of April, 1885, duly executed a last will and testament, and on the 22nd day of June, 1889, he in like manner executed another will, in which he revoked all former wills by him made. On the 29th day of September, 1890, he executed a codicil, in which it is stated:

"Whereas I, Jarvis Knapp * * * * did on April 11, 1885, make my last will and testament, being the foregoing will, etc.," and further on "I ratify and confirm my said last will so far as it does not conflict with this codicil thereto."

On the 29th of September, 1890, he executed another codicil in which he again referred to the will of April 11, 1885. The will of 1885 and both codicils are all written upon the same sheet of paper and were all executed with proper legal formalities. This will and codicils are now offered for probate.

The question presented for my consideration is whether a will which has been formally revoked, but not destroyed, can be revived, by the execution of a codicil to it, without a re-execution of the will in the manner prescribed by statute.

At first thought it would appear that a valid codicil could not be made to an invalidated will; but the law seems to be that a will and codicil, under these circumstances, together constitute a valid testamentary instrument.

In 1 Jar. on Wills, 188, the author states the law in England to be that "if a testator makes a will in 1830, and at a subsequent period, say 1840, makes another will inconsistent with the former, but without destroying such former will, and afterwards makes a codicil which he declares to be a codicil to his will of 1830, this would set up the will so referred to in opposition to the posterior will."

And that view of the law is sustained by the courts of this State in the cases of Storms will, 3 Redf. 327, and Brown v. Clark, 77 N. Y. 369. In the first of these cases the surrogate admitted the will on insufficient proof as to its execution, the execution of the codicil being completely proved. In Brown v. Clark, *supra*, which was a case where a woman, being unmarried, executed a will and subsequently married, and after marriage duly executed a codicil to such will, it was held that any written testamentary document in existence at the execution of a will may, by reference, be incorporated into the will. And the will and codicil were sustained, although the will by law had been revoked by the marriage.

The effect of sustaining the will and codicil is to revoke the intermediate will, 1 Jar. on Wills, 188, even though not revoked in terms by the codicil, as being inconsistent. But in this case this is not material, as the provisions of the first will and codicils are practically the same as those of the other will.

An order may be made admitting the will and codicils to probate.