---

(17 Misc. Rep. 468.)

### In re CORNELL'S ESTATE.

(Surrogate's Court, Ulster County.   April, 1893.)

1. APPOINTMENT OF ADMINISTRATOR—FORMER RENUNCIATION OF EXECUTORSHIP.
   Under Code Civ. Proc. § 2639, making it discretionary with the surrogate to grant letters testamentary to a person who had been nominated in the will, but had renounced the executorship, such application will be denied where it appears that a year before the applicant was 70 years old she had been twice paralyzed and was bedridden, and there is no evidence that her condition had since changed.

2. SAME—DEATH OF EXECUTOR—SUCCESSOR NOMINATED BY WILL.
   A direction in a will that, if the executor appointed thereby should die, a certain other person should be his successor, with all the authority and power that he would have had if appointed in the first instance, requires the appointment of such person on the death of the executor, though it occurred after testator's death.

Application by Horace G. Young, as successor of Edwin Young, and Catharine Ann Cornell, for letters testamentary under the will of Thomas Cornell, deceased.

H. C. Soop, for Horace G. Young.
Cardozo Bros., for Catharine Ann Cornell and Nellie L. Carpenter.

A. T. Clearwater, for S. D. Coykendall, general guardian, and others.

BETTS, S.   Thomas Cornell died March 30, 1890.   His will was proved April 3, 1890.   Catharine Ann Cornell, one of the executors and trustees named in the will, renounced her rights thereunder April 5, 1890.   Letters testamentary were issued to Edwin Young, as executor and trustee under said will, on the 3d day of April, 1890.   A further renunciation of Catharine Ann Cornell and ratification of her previous renunciation, dated May 16, 1890, was filed the same day in this court.   After providing for the payment of his debts and funeral expenses, the third clause of the will of Thomas Cornell provides as follows:

"All the rest, residue, and remainder of my said estate, real, personal, and mixed, of every name or nature whatsoever, I give, devise, and bequeath unto my executors and trustees herein named, and to their successors, with full power to sell all or any part of my said estate as they may deem advisable from time to time, at either public or private sale, and upon such terms as they shall deem proper, and to invest and reinvest the proceeds from such sales, or any moneys that may come into their hands, as they think best, without regard to any statute or law regulating such investments, and without any personal liability of either of my said executors, or their successors, of any such action, or for any loss or depreciation my said estate may suffer because of such investment; to be held by my said executors and their successors in trust for the following purposes and uses only, to wit."

Then follow the various bequests and devises contained in the will, disposing of the property of the said deceased.   The sixth clause of the will of Thomas Cornell is as follows:

"I nominate, constitute, and appoint my beloved wife, Catharine Ann Cornell, and my nephew, Edwin Young, of Albany, N. Y., executors and trustees of this, my last will and testament, and I hereby empower my said executor, Edwin Young, in case of the death of my said wife, to nominate and appoint her successor, if he deems one necessary; otherwise to assume the duties of this trust alone.   And in case of the death of my said executor, Edwin Young, it is my will that my nephew, Horace G. Young, shall be his successor as executor and trustee of this, my last will and testament, with all the authority and power that he would have if nominated and appointed by me as the others now are."

The said Edwin Young died April 21, 1893, leaving a part of said estate of Thomas Cornell unsettled, and the trust created under said will unexecuted.   An ex parte application is made by Horace G. Young, his successor named in said will by the clause above referred to, for letters testamentary as executor under the will of said Thomas Cornell by verified petition, and the said Horace G. Young has also taken and filed the usual oath as executor under said will. About the same time, and shortly after the application of Horace G. Young for letters testamentary, a retraction of the renunciation of Catharine Ann Cornell is filed, and a request for the granting of letters testamentary on the estate of Thomas Cornell to her.   At the same time a verified petition, setting forth matters more fully, and asking for the same letters testamentary, is filed by said Catharine Ann Cornell.   This ex parte application of Catharine Ann

Cornell is made, I assume, under section 2639 of the Code of Civil Procedure, which is as follows:

"A person named as executor in a will may renounce the appointment by instrument in writing, signed by him, and acknowledged or proved, and certified in like manner as a deed to be recorded in the county, or attested by one or more witnesses and proved to the satisfaction of the surrogate. Such a renunciation may be retracted by a like instrument at any time before letters testamentary or letters of administration with the will annexed have been issued to any other person in his place, or, after they have been so issued, if they have been revoked, or the person to whom they were issued has died, or become a lunatic, and there is no other acting executor or administrator. Where a retraction is so made letters testamentary may, in the discretion of the surrogate, be issued to the person making it. An instrument specified in this section must be filed and recorded in the surrogate's office."

Thus it will be seen that this application is addressed to the discretion of the court, and the rule would seem to be a sound and just one, as many matters might occur that would make it undesirable that letters testamentary that had been renounced should subsequently be issued to the person formerly renouncing. This estate is a large one, and requires the active and intelligent direction of a person able physically to care for its varied and complicated interests. By her petition, dated July 22, 1892, and filed in this court on the 25th day of July, 1892, in a proceeding still pending in this court, this petitioner herein, Catharine Ann Cornell, described herself as follows: "That your petitioner is of the age of 70 years, and has been twice stricken with paralysis, is bedridden, and obliged to expend large sums of money for medical care and physician's attendance." And that is given as one of the reasons for the relief there sought. The petitioner is certainly nearly one year older than she was then, and we are not advised that her condition is physically improved. In view of these facts, it would seem not only cruel to a most estimable lady to place her in charge of a vast, complicated system of banking, railroad, and real-estate interests at her advanced age, but also illy caring for the interests of the other parties directly concerned in the proper administration of this large estate. Therefore, in the exercise of a sound discretion, for the reasons above given and others, and in justice to all concerned in this estate, the application of Catharine Ann Cornell for letters testamentary on the estate of Thomas Cornell is denied, and an order may be entered to that effect.

Now as to the application of Horace G. Young. It is decided in an English case (In Goods of Lighton, 1 Hagg. Adm. 233, cited in Williams, Ex'rs, 286, 287, cited in Dayt. Sur. [3d Ed.] p. 209):

"Where a testator appoints an executor, and provides that, in case of his death, another should be substituted, on the death of the original executor, although he has proved the will, the executor so substituted may be admitted to the office, if it appears to have been the testator's intention that the substitution should take place on the death of the original executor, whether happening in the testator's lifetime or afterwards."

In Re Alexander's Will, 16 Abb. Prac. (N. S.) 9, the courts have held as follows:

"Alexander died June 13, 1873, leaving a last will, duly probated, containing the following clause: 'I hereby nominate and appoint my said wife the ex-

ecutrix of this my will, hereby revoking all former wills by me made, and request that such male friend as she may desire shall be appointed with her as co-executor."

Letters testamentary were at once issued to the widow, and afterwards, and on or about March 2, 1874, nearly a year after probate, upon her petition, one Wandell was associated with her as co-executor in pursuance of above clause of said will, and letters testamentary were granted to him ex parte.    A motion was made to revoke the letters testamentary of Wandell, by a creditor, as unauthorized by law, which was denied by the surrogate.    The surrogate held that the executor derives his authority from the will of the testator.    The statute regulates the manner in which that will shall be carried into effect, and prohibits the executor from acting until the will has been admitted to probate, and the executor, so to speak, has been judicially certified to be the person designated by the testator.    The surrogate quotes approvingly from Dayton on Surrogates (3d Ed., p. 212, etc.) as follows:

"Letters testamentary are merely operative as the authenticated evidence, and not at all as the foundation, of the executor's title, for he derives all his interest from the will itself."

.Again, the surrogate says:

"The statute [referring to a section of the Revised Statutes under consideration] does not provide for the appointment of executors by testators, but simply declares the duties of the surrogate with reference to executors already appointed. It does not prescribe the mode of appointment. It leaves that to be governed by the rules of the common law. The surrogate has no power of selection. He is to look to the will for the appointment, and, if the designation is reasonably certain, and no rule of law has been violated, he must issue letters in accordance with the testator's desire as expressed in the will."

See In re Alexander's Will, 16 Abb. Prac. (N. S.) 9.    The decision of the surrogate in this case was reversed by the general term in Hartnett v. Wandell, 2 Hun, 552, mainly on the ground that the surrogate had no power to issue letters testamentary in such a case. The court of appeals, however, in Hartnett v. Wandell, 60 N. Y. 346, reversed the general term, and affirmed the decision of the surrogate, holding as follows:

"A surrogate's court is to carry out and give effect to the provisions of a will, and not to defeat it. The power of the testator over his estate, the care and management as well as the ultimate disposition and distribution of it, is unqualified and absolute, save only as restricted and limited by statute. Within the limits and for the time allowed by law, a testator may commit the administration of his estate and the care of his property to such individuals, or succession of individuals, selected by himself or to be designated by others, as he pleases."

In Cuthbert v. Babcock, 2 Dem. Sur. 96, a testator gave to his wife, also his executrix, the power "to appoint some fit and proper person to execute this, my will, and hereby give her power so to do, and this notwithstanding any coverture she may be under; and, if she remains my widow, such appointment may be made by a last will and testament in writing, having the same obligatory force and effect as if made by me."

In the cases cited it is seen that the testator has power to direct his executor to associate some person to act with him as co-execu-

tor, without naming the person, and the exercise of the right has been held good by the court, and this is now also provided for by sections 2640 and 2641 of the Code. Also, the testator has given authority to an executrix to name an additional executrix by her will, to carry out the will of the first-named testator, and this has been held good. Can it, then, be considered that in this case, where the provision of the will is so plain, directing that Horace G. Young shall succeed Edwin Young as executor and trustee of this, "my last will and testament, with all the authority and power that he would have if nominated and appointed by me as the others now are," the authority of the surrogate to issue letters testamentary can be questioned? The will of Thomas Cornell provides plainly that Horace G. Young shall succeed Edwin Young. This is a large estate, with varied and complicated interests. It was esteemed of sufficient importance upon the probate of the will of Thomas Cornell that the widow, heirs at law, and next of kin should join in a petition for the immediate probate of the will. Thomas Cornell died, as before stated, March 30, 1890, and his will was proved April 3, 1890, only five days elapsing. Any occasion for haste in the probate of the will originally would seem to be equally strong and peremptory now that the estate should have a competent head to manage and control it. In view of these facts, it is deemed necessary that the court should take prompt action to protect the interests of all the parties concerned. Therefore an order may be entered directing the issue of letters testamentary to Horace G. Young, and letters will thereupon issue to him.

Ordered accordingly.