was caused by the negligence of the driver, and that the plaintiff was guilty of no negligence which contributed thereto.

The order should be reversed, with costs, and the judgment reinstated, with costs.

---

### THOMAS WARD COAL CO. v. BEHN.

(Supreme Court, Appellate Division, First Department. November 29, 1912.)

LIBEL AND SLANDER (§ 112*)—WORDS SPOKEN OF BUSINESS—EVIDENCE.

In an action for slander in the speaking of words concerning a business in which the plaintiff was engaged at the time, evidence *held* not to sustain a verdict for the defendant.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 325–341; Dec. Dig. § 112.*]

McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by the Thomas Ward Coal Company against Adolph Behn. From a judgment for defendant, and an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

M. E. Kelley, of New York City, for appellant.

Elfers & Abberley, of New York City, for respondent.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event, upon the ground that the verdict of the jury in favor of the defendant was not supported by the evidence. The defendant either did not deny, or he admitted, that he spoke the words complained of concerning the business which was being conducted by the plaintiff at the time. All concur, except McLAUGHLIN, J., dissenting.

---

(153 App. Div. 196.)

### In re COUDERT'S WILL.

(Supreme Court, Appellate Division, First Department. November 22, 1912.)

EXECUTORS AND ADMINISTRATORS (§ 14*)—CONSTRUCTION—"IN CASE OF HIS FAILURE TO ACT."

In a will appointing testator's brother executor, and, in case of his death, resignation, or failure to act, appointing his brother-in-law, and, "in case of his failure to act," appointing his son, the phrase quoted included the contingency of the estate not being fully administered by the brother-in-law, and not merely his failure to qualify or act at all.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 29–31, 42; Dec. Dig. § 14.*]

Appeal from Surrogate's Court, New York County.

Probate of the last will and testament of Charles Coudert, deceased. From an order of the Surrogate's Court, denying application for the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

issue of letters testamentary to Charles Dupont Coudert there is this appeal. Reversed, with directions.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Rounds, Schurman & Dwight, of New York City (Carl A. Hansmann, of New York City, of counsel), for appellant.

CLARKE, J. Charles Coudert died July 13, 1897, leaving a last will and testament, which was duly admitted to probate in the county of New York on January 7, 1898. The fifth paragraph of the will provided as follows:

"I nominate, constitute and appoint my brother Frederick R. Coudert, to be executor of this my will. In case of his death, resignation or failure to act as executor for any cause, I appoint my brother-in-law George G. Guion to be executor; and in case of his failure to act, I appoint my son Charles Dupont Coudert to be executor of this my last will."

Letters testamentary were duly issued to Frederick R. Coudert, who subsequently and on December 20, 1903, died. Thereafter, on August 18, 1904, letters testamentary on said will were issued to George G. Guion, one of the executors named in said will, who thereafter died on May 5, 1912. On an affidavit, verified on the 25th of June, 1912, made by Carl A. Hansmann, who averred that he personally acted as counsel for said Guion as said executor until the death of said Guion, and that the estate of the testator, Charles Coudert, deceased, is not yet fully administered, and upon the oath of Charles Dupont Coudert, as executor, application was made to the surrogate for the issuance of letters testamentary upon said will of Charles Coudert, deceased, to the testator's son, Charles Dupont Coudert, which was denied upon the ground, as stated by the learned surrogate, that:

"The deceased executor, Guion, having qualified and acted as executor, the contingency upon which the applicant would become entitled to letters has not, and from the nature of the case cannot, arise."

We think the testator intended that his estate should be administered in turn by his brother, Frederick, his brother-in-law, Guion, and his son, Charles, and that the words "in case of his failure to act" should be interpreted so as to include the contingency of the estate not being fully administered by said Guion, and that the limitation thereof to a failure to qualify or act at all is too narrow. In Hartnett v. Wandell, 60 N. Y. 346, 19 Am. Rep. 194, the court used this language:

"The power of a testator over his estate, the care and management as well as the ultimate disposition and distribution of it, is unqualified and absolute, save only as restricted and limited by statute. * * * Within the limits and for the time allowed by law, a testator may commit the administration of his estate and the care of his property to such individuals, or succession of individuals, selected by himself, or to be designated by others, as he pleases. * * * The courts have gone great lengths in giving effect to wills designating or authorizing the designation of executors. When an executor has been expressly named in the will, another executor has been admitted, according to the tenor, to probate jointly with him who is named

in the will as executor. * * * When an executor was expressly nominated for general purposes, another person has been held to be executor according to the tenor for limited purposes. * * * Executors may be appointed with separate functions, or to succeed each other in the event that the first named shall die, become incapacited, or unwilling longer to serve, or two persons may be appointed to act for a definite period, or during the minority, or during the absence from the country of one appointed executor. * * * These and numerous other cases that might be cited are only referred to as showing the great liberality which the courts have exercised in committing the execution of wills to those indicated in any manner by the will and in accordance with the intent of the testator, and so as not to disappoint his wishes, regardless of technicalities. The practice of the courts has been accommodated to the will, rather than the will made to give way to technical forms and modes of procedure."

Observing the foregoing statement of the attitude of the courts, it is a reasonable interpretation of this will that the testator intended his estate to be fully administered in succession by three members of his family, named by him, and that as, by reason of his death, Mr. Guion failed to complete that administration, the contingency upon which the appointment of testator's son took effect, namely, Guion's failure to act, has happened.

The order appealed from should be reversed, without costs, and the matter referred back to the surrogate, with directions to issue letters to the appellant, without costs. All concur.