Matter of the Estate of MARY B. JOHNSON, Deceased.

(Surrogate's Court, Oneida County, December, 1918.)

Wills — who must be cited upon probate — citations — who may file objections to probate of alleged will — trial — codicils — Code Civ. Pro. §§ 2610, 2617.

Where a will is filed for probate with a codicil thereto, which adversely affects a beneficiary named in the will, there is then on file such a " will " as is contemplated by section 2610 of the Code of Civil Procedure, which provides that " each person named " as " beneficiary in any other will of the same testator filed in the surrogate's office " must be cited, and all of the beneficiaries adversely affected by the codicil or a subsequent will or other codicil must be cited.

Any other construction of said section 2610 renders unavailable section 2617 of said Code, which provides that objections must be filed pending probate or before the close of the testimony.

Where in a probate proceeding a citation has not been served upon the legatee named in a will, who is cut off by a codicil thereto, his only remedy is by motion to vacate and set aside the decree of probate and for leave to file objections, or resort to any other remedy available prior to the granting of a decree for probate.

PROCEEDING upon the probate of a will.

E. L. Hockridge (F. M. Calder, of counsel), for the American Baptist Home Mission Society et al., petitioners.

Sholes & Norton, for the executor, Kirk W. Thompson.

Lynch, Willis & Titus, for the Tabernacle Baptist Church of Utica.

Surrogate's Court, Oneida County, December, 1918. [Vol. 105.

Chas. G. Irish, for Theodore Kelly, general guardian.

Theodore L. Cross, for McCall Mission.

SEXTON, S. On May 11, 1917, the deceased made a will, which was modified by a codicil dated March 30, 1918, and still further modified by a codicil dated March 31, 1918.

These three instruments by decree were admitted to probate on May 13, 1918, as the last will of deceased.

The following is the only part of the will involved in this discussion:

" *Ninth.* I give and bequeath the residue of my estate remaining after payment of legacies hereinbefore directed, in equal shares to the Woman's American Baptist Home Mission Society, the Woman's American Baptist Foreign Mission Society, the American Baptist Home Mission Society and the American Baptist Foreign Mission Society."

This paragraph was subsequently modified by a codicil which reads as follows:

" THE CLIFTON SPRINGS SANITARIUM.

" CLIFTON SPRINGS, NEW YORK, *March* 30, 1918.

" I desire to transfer the residuary legacy which I have left to the four missionary societies of Tabernacle Church to Tabernacle Church itself. I desire to leave to McCall Mission, one hundred dollars. The amount left to Dan Kelly (deceased) is to be transferred to his grandson Ted Kelly. My five mahogany chairs which are alike are to be disposed of as follows: one each to Reta Johnson, Clara Johnson, Olive Johnson, Frances Johnson and Russell Johnson.

" MARY B. JOHNSON."

" Witness of signature

" FLORENCE H. RUPAY,

" GERTRUDE J. PRESCOTT."

On September 9, 1918, the four mission societies named in said ninth paragraph of said will filed a petition asking for an order to show cause why the decree of probate should not be revoked and set aside in so far as it affected said codicil dated March 30, 1918.

The main contention of the petitioners is that: "A will is one instrument, and a codicil is another instrument.   *   *   *   They are both wills because each expresses the intent of a person to dispose of property after death within the intent of said section 2610 " of the Code; hence petitioners should have been cited, as said section requires that the " beneficiary in any other will of the same testator filed in the surrogate's office " be cited.

The first proposition that a will and codicil are separate instruments is untenable for the reason that a codicil which modifies a will is an integral part of it; and for the purpose of probate are one.

" The term ' will '   *   *   *   shall include all codicils, as well as wills."   Decedent Estate Law, § 2; Code Civ. Pro. § 2768, subd. 4.

The will and codicil are to be construed as one instrument.   *Ward* v. *Ward,* 105 N. Y. 68; *Underwood* v. *Curtis,* 127 id. 523.

A perusal of the codicil in question and the ninth paragraph of the will, which it is intended to modify, will convince any reasoner that the will and codicil herein cannot be divorced, but constitute one instrument.

"A codicil does not usually supersede the will as would an after-made will.   Its purpose is to alter, explain, qualify or revoke the will in the respects it defines.   It is a part of the will, and the two are to be read and executed as one entire instrument."   *Bloodgood* v. *Lewis,* 209 N. Y. 95.

The decisions deal exclusively with the probate of a will and hold that all authorized papers, bearing upon the destination of one's property after death, must be read and considered together to ascertain the entire testamentary intent, and if sustained in whole or in part, the provisions upheld, whether in one or more authorized instruments, constitute the testament of the deceased, and together are probated as such.

All authorized, separate testamentary acts, or writings, remain separate and distinct, until coalesced by an adjudication at the close of a probate proceeding.

A testator by codicil may stifle a live will or revive a dead one. *Brown* v. *Clark,* 77 N. Y. 369.

The effect of a codicil to a will revoked by a later will is to revive and republish the earlier will. *Matter of Knapp,* 23 N. Y. Supp. 282.

It also operates by implication to revoke the intermediate will. The codicil and earlier will, read together, constitute the final testamentary disposition of the estate. *Matter of Campbell,* 170 N. Y. 84. If the codicil is legally executed, the will first revoked and then revived needs no republication. *Matter of Emmons,* 110 App. Div. 701.

I am seeking to establish that prior to a decree of probate, wills and codicils are both separate testamentary instruments and the designating name is immaterial.

A validly executed will may have been lost and be incapable of proof, and yet the codicil, so far as it goes, is operative. *Newcomb* v. *Webster,* 113 N. Y. 191.

A codicil executed according to the formalities of the statute is a final testamentary disposition, and, if there be an existent and complete will, it takes it up and incorporates it. *Matter of Campbell, supra.*

If, however, there be no such existent and validly

executed will, and if the codicil be so complete in itself as to be capable of execution, then it must necessarily stand and be given the force of valid testamentary disposition. *Matter of Emmons, supra.*

That a codicil is a separate and distinct testamentary instrument is further supported by section 2617 of the Code which provides that: "Any person interested in the event as devisee, legatee or otherwise, in a will or codicil offered for probate; * * * or is interested as legatee * * * in any other will or codicil alleged to have been made by the same testator and not duly revoked by him; may file objections to any will or codicil so offered for probate."

Because of this statutory right the petitioners insist that they should have been cited on the probate proceedings under section 2610 which provides that " each person named " as " beneficiary in any other will of the same testator filed in the surrogate's office " must be cited.

Unless this provision includes legatees in a will cut off by a codicil, then such legatees have no means of knowing of a pending probate proceeding until after the entry of a decree, and too late to protect their interest under the will, lost by the codicil, by filing objections as provided by section 2617.

It is contended that the clause in section 2610 — " beneficiary in any other will of the same testator filed in the surrogate's office "— means that a will of the testator, other than the one offered for probate, must be on file to entitle legatees named therein to be cited, and that legatees cut out of a will by a codicil are not covered by said section, as a will and codicil are one instrument, hence at time of probate there is no " other will of the same testator " on file in the surrogate's office.

If this contention prevails, there is no sense in

section 2617, which provides that: " Any person interested " as " legatee    *    *    *    in any other will or codicil alleged to have been made by the same testator *    *    *    may file objections to any will or codicil so offered for probate."

This means that objections may be filed before probate and not after. How can an interested party file objections to the probate of a will or codicil if he does not know that a probate proceeding is pending? Sections 2610 and 2617 must be read together to ascertain their meaning and make them workable.

The petitioners herein, legatees under a will on file for probate, were cut off by a codicil, also on file for probate, yet were not cited, but a notice of probate, as provided by section 2616, was mailed to them at Chicago, Boston and New York city, on the 11th day of May, 1918, two days before the return day of the citation. How could the petitioners, all corporations and four in number, and located in three different states, have availed themselves of the right to file objections under section 2617? The will and codicil were probated May 13, 1918, before the notices, probably, had reached any of the petitioners.

The petitioners should have been cited under section 2610.

I hold and decide that when a will is filed in the surrogate's office for probate, and a codicil thereto which adversely affects a beneficiary named in said will, then there is on file such a will, as is contemplated by said section 2610, and that all of the beneficiaries, adversely affected by the codicil or a subsequent will or other codicil, must be cited. Any other construction renders unavailable section 2617, which provides that objections be filed pending probate, or before the close of the testimony.

Justice requires the construction of section 2610, as

indicated. Where a citation has not been served, in probate proceedings, on a beneficiary under a will, adversely affected by any subsequent testamentory act, then the only remedy of the injured is by motion to vacate the decree of probate, and for leave to file objections, or resort to any other remedy available prior to a probate decree.

The practice in the proceeding before me is regular, and the question of laches, in moving, under all of the circumstances, keeping in mind the residence of the petitioners, and that about $30,000 is involved, should not lead to a denial of the relief sought.

I therefore decide that the decree of probate herein granted and filed May 13, 1918, be and the same hereby is vacated and set aside.

Decreed accordingly.