John D. Bennett, S.
The petitioners are sons of the decedent and are named as substitute executors in the propounded instrument in the event that the executor named therein pre *105 deceased the testatrix. The petition recites that the executor named in the propounded instrument died prior to or simultaneously with the testatrix.
The issue presented is whether the substitute executors named in the propounded instrument are entitled to qualification if the executor named in the propounded instrument died simultaneously with the testatrix. If the propounded instrument merely stated that the substitute executors were to act in the event that the executor died, then in such event it would be immaterial if the executor died prior to or subsequent to the testatrix (Matter of Cornell, 17 Misc. 468). It is the intention of the testatrix which governs and it would appear to be a reasonable inference that it was her intention in the instant case to provide for the appointment of her sons as substitute executors if the executor predeceased her or died at the same time (cf. Matter of Healy, 255 App. Div. 361).
Section 89 of the Decedent Estate Law supports the above conclusion. Under this section which relates to the disposition of property, it is assumed where no sufficient evidence of death other than simultaneous death exists, that the testatrix survived the beneficiary.
The propounded instrument will be admitted to probate, it having been established that it was executed in the manner prescribed by section 21 of the Decedent Estate Law, and that at the time of its execution, the decedent was of sound mind and free from restraint.
Submit decree.