Joseph A. Cox, S.
Testatrix died on January 11, 1960. Her will dated November 26, 1956 has been admitted to probate but the issuance of letters testamentary or letters of administration o. t. a. was reserved until further order.
Testatrix appointed her husband as executor in paragraph eighteenth of her will. Paragraph nineteenth reads as follows: “ In the event that my husband, Walter E. Kruesi, shall predecease me, I hereby nominate, constitute and [sic] Mrs. Pinokney estes GLANTZBERG, 212 East 48th Street, New York, N. Y., Executrix of this my last Will and Testament, and I direct that my said Executrix be not required to give bond or other securities for the faithful performance of her duties, any law to the contrary notwithstanding.”
*74 The surviving spouse petitioned for probate of the will and also filed a renunciation of his appointment as executor conditioned upon letters of administration c. t. a. being issued to the Manufacturers Trust Company. St. Lawrence University, which is the other residuary legatee with the surviving spouse, submitted a renunciation of its right to be appointed administrator c. t. a. and a consent to the appointment of the Manufacturers Trust Company as administrator c. t. a. Objections to such appointment were filed by Pinckney Estes Glantzberg named as alternate executrix in paragraph nineteenth of the will. She also requests that letters testamentary be issued to her.
Petitioner has moved to dismiss the objections. The motion is denied (Matter of Coudert, 153 App. Div. 196). In that estate decedent appointed his brother as executor. “In case of his death, resignation or failure to act as executor for any cause ” decedent's brother-in-law was appointed. In case of the latter’s failure to act, testator’s son was nominated. Testator’s brother qualified as executor and subsequently died. Decedent’s brother-in-law was then appointed and he died. Testator’s son’s application to be appointed executor was denied upon the ground that “ the contingency upon which the applicant would become entitled to letters has not, and from the nature of the case, cannot arise ” (p. 197). The appellate court reversed and directed that letters issue to decedent’s son. In doing so it stated at page 197: “We think the testator intended that his estate should be administered in turn by his brother Frederick, his brother-in-law Guión and his son Charles, and that the words ‘ in the case of his failure to act ’ should be interpreted so as to include the contingency of the estate not being fully administered by said Union, and that the limitation thereof to a failure to qualify or act at all is too narrow.” (See, also, Matter of Healy, 255 App. Div. 361 and Matter of Rathkopf, 7 Misc 2d 104.)
The court does not agree with petitioner’s contention that the application is governed by section 100-a (subd. 2, par. [a]) of the Banking Law. The petitioner may retract his renunciation in accordance with section 158 of the Surrogate’s Court Act within five days after entry of the order hereon. In that event letters testamentary will issue to the petitioner. Otherwise letters testamentary will issue to the alternate nominee, Pinckney Estes Glantzberg. Submit order on notice.