Pierson B. Hildreth, S.
In this probate proceeding the question presented is whether all necessary parties have been cited and made parties to the proceeding. Proponent, who is decedent’s wife and an executor named in the will, seeks to have the will admitted to probate without citing or otherwise obtaining jurisdiction over two other persons designated and appointed by the testator in his will to act as guardian of his infant daughter and also to act as executrix in the event the wife “ shall predecease me or shall fail to qualify, die, resign, or cease to act for any reason as Executrix.”
The statutory provision enumerating the persons who must be cited upon a petition for probate is section 140 of the Surrogate’s Court Act. So far as pertinent here, as to executors and guardians designated in the will, the section provides:
“ The following persons must be cited upon a petition, presented as prescribed in the last section.
* * &
‘ ‘ In every case, each person designated in the will as executor, testamentary trustee or guardian, and each person named as *1063 executor, testamentary trustee or guardian, or beneficiary in any other will of the same testator filed in the surrogate’s office.” Where all persons who are necessary parties in a probate or other proceeding have not been cited or notified it is the duty of the Surrogate, unless citation or notice has been waived or jurisdiction otherwise acquired, to adjourn the proceeding and issue or cause petitioner to issue citation or give the necessary notice to such persons, subdivision 2 of section 20 of the Surrogate’s Court Act providing: 11 2. To adjourn, from time to time, a hearing or other proceeding in his court; and where all persons who are necessary parties have not been cited or notified, and citation or notice has not been waived by appearance or otherwise, it is his duty, before proceeding further, so to adjourn the same, and to issue a supplemental citation, or require the petitioner to give an additional notice, as may be necessary.” In this case proponent alleged in the petition for probate that testator’s distributees and each person designated in his will as executor or guardian were only his surviving spouse and an infant daughter. Yet the will shows on its face that in addition to designating his wife as guardian of the infant daughter and as executor, the testator also named and appointed two other persons to act as guardian and as executor in certain events. There are no facts whatever set forth in the petition which would show that the other two persons are deceased or have renounced their appointment. The clause nominating the executors reads as follows: “ I hereby nominate, constitute and appoint my wife, marjorie drubin, to be the Executrix of this my Last Will and Testament. In the event that my wife, marjorie drubin, shall predecease me or shall fail to qualify, die, resign or cease to act for any reason as Executrix, I appoint my mother-in-law, rose mulligan, to act as Executrix. If my mother-in-law shall predecease me or shall die, resign, or for any reason fail to or cease to act as Executrix, I appoint my sister, ruth kantor, as Executrix. I direct that my said Executrix or substitute Executrices shall serve, whether in the State of New York or elsewhere, without being required to give any bond or other security for the faithful performance of their respective duties.”
Another substantially similar clause was used to nominate the testamentary guardian of his infant daughter.
At this stage of the proceedings of course no letters testamentary or of guardianship have been issued to anyone, and no one of the three persons named has been appointed. From all that appears from the proceeding itself, the two other persons nominated as executor and as guardian of the infant child have no knowledge whatever of the pending probate proceeding nor *1064 of the fact that the testator expressed his confidence in them by selecting them as such fiduciaries, and proponent apparently intends that knowledge of the proceedings will be kept from them.
The special guardian for the infant submits that not all of the persons named in the will as executor and guardian have been cited as required by section 140 of the Surrogate’s Court Act. This precise question does not seem to have been expressly passed upon in reported decisions. HoAvever, the statute and decisions in other matters where there have been more than one executor named by a testator, either to act jointly or successively, indicate to this court that each executor named must be cited, and the phrase “ each person designated in the will as executor ” includes a person or persons named to act in case another person who is likewise named does not or might not act.
It does not seem to the court that the requirement of section 140 of the Surrogate’s Court Act to cite ‘1 in every case, each person designated in the will as executor ” can properly be construed as permitting a proponent, before anyone is appointed by the Surrogate, to omit certain persons who were so designated by the testator, when they are alive and it is very possible that the events under which they may be appointed or be entitled to appointment can still occur. As a practical matter a waiver of citation or renunciation is usually readily obtained from any person designated as executor whether designated alone, jointly or contingently. But if that is impossible, the proponent must comply with the statute and cite all executors Avhom testator has designated for possible fiduciary duties.
The phrase in section 158 of the Surrogate’s Court Act, “ a person, named as executor in a will may renounce ” has consistently been regarded as embracing executors named jointly or to succeed another or to act in certain events, and such are thus considered to be persons “ named as executor ” in the will. The phrase is similar to that used in section 140.
Section 155 of the Surrogate’s Court Act provides that a person entitled to letters upon a contingency may appear and show that the contingency has happened by which he is entitled to such letters. Unless such person is included as an executor named in the will and required to be cited under section 140 of the Surrogate’s Court Act, he Avill have no knoAAdedge of the probate or of his designation by the testator, or be aware of the fiduciary responsibilities he should be ready to assume.
That every person so designated must be cited seems supported by reason of the fact that neither executors nor guardians named in the avíII are among the persons to whom notice of pro *1065 bate is to be given before letters are issued under the provisions of section 146 of the Surrogate’s Court Act or any similar provision of law. Such notice would be unnecessary only if they had previously been made parties, or had been cited under the requirement of section 140.
Furthermore, the court feels that when any testator has named more than one executor, whether to act jointly or successively in certain events, he intends that all be informed of the confidence and responsibility he has reposed in them so that any, if necessary, can act and take all appropriate steps to support the will or assume administration of the estate. There is nothing in the statute which leaves it to proponent to decide unilaterally which of the persons named by the testator are or are not to be regarded as persons named as executor before anyone has been appointed by the court. To cite them is not to require an unnecessary expense to the estate as proponent suggests. On the contrary, it is to act in conformity with proponent’s duty to conduct and conclude valid proceedings for the probate of testator’s will, and not to attempt to keep the proceedings concealed from knowledge of those testator has chosen to administer if need be, and whom statute requires to be cited.
It is true, as proponent indicates, that an executor is not a person “ interested in the estate ” in the usual meaning of the phrase, and as defined by subdivision 10 of section 314 of the Surrogate’s Court Act because the executors as such do not have an interest or share in the estate itself. The right to commissions or the possibility of administration does not create such an interest in the estate (Matter of Behan, 159 Misc. 337). However, the requirement that each executor and guardian named in the will be cited is not based on being “ interested ” as is the case with distributees and others, but is based on the express statutory provision applying to those so named.
Usually one of the named executors offers the will for probate, but he has no prior right to do so (Matter of Meiselman, 138 Misc. 104 [1930]). The person or persons chosen by the testator as executor or executors have the duty of supporting the will which names them and may object to any other testamentary documents deemed invalid, and an executor is a “ person interested ’ ’ within the meaning of section 147 of the Surrogate’s Court Act (Matter of Browning, 274 N. Y. 508 [1937]); and see, also, the instructive opinion of Surrogate McLaughlin in that case (162 Misc. 244).
These duties and responsibilities would seem to fall upon all executors named and upon anyone named to act in case another failed to so do. How could they do so, if the need arose, if they *1066 were not parties to the proceeding, and knew nothing about it or of their selection by the testator?
As indicated by Matter of Coudert (153 App. Div. 196 [1912]), a testator has the privilege, subject to restrictions of statute, of selecting the individual or succession of individuals as he wishes as executors; they may have separate functions, or succeed each other or act together. In that case a provision designating a successor executor in case of the “ failure to act ” of another named executor was held to include the contingency of the estate not being fully administered, the other executor having qualified and acted but thereafter died.
The opinion in Matter of Ramey (78 N. Y. S. 2d 602, 606, affd. [memorandum decision], 273 App. Div. 1057), where in a contested probate proceeding the court appointed a neutral party as temporary administrator and not the executor or alternate executor named in the will, contains this statement as dicta: “ The named executor must be a party to the contest, Surrogate’s Court Act, § 140, and it seems that the alternate executor is likewise a necessary party. ’ ’ The court in Matter of Pearson (228 App. Div. 418, 420), where a legatee was the proponent, stated: “ The executor is a party to the contest. (Surr. Ct. Act, § 140.) ” Neither case is in point on the present question however ; the requirement of the statute to cite each executor named in the will is not dependent upon the existence or nonexistence of a contest. As far as the statute is concerned, if an alternate executor or an executor is a necessary party to a contested probate, he is no less a necessary party in absence of a contest.
A probate proceeding once instituted is not solely the proceeding of proponent, but is in behalf of all persons interested (Matter of Potter, 172 App. Div. 458 [1915]). All parties concerned should be parties so they know about the proceeding (Matter of Johnson, 105 Misc. 451 [1918]).
The wishes of a testator as to selection of the person or persons who are to administer his estate are respected as far as possible. Provisions designating successor executors seem broadly construed to give effect to the testator’s wish. One designated as executor if another predeceased has been held entitled when such other did not predecease, but renounced (Matter of Kruesi, 25 Misc 2d 73 [1960]). Likewise, where an executor did not predecease, but died simultaneously with testator the other was nevertheless entitled (Matter of Rathkopf, 7 Misc 2d 104 [1957]). Likewise, where an executor qualified but became incompetent, another who was designated in case the other did not live during the period of administration was held entitled to letters (Matter of Healy, 255 App. Div. 361 *1067 [1938]). While an alternate executor may not object to issuance of letters to another who is qualified, yet he may appear to show that the contingency has happened by which he is entitled to letters (Surrogate’s Ct. Act, § 155; Matter of Holland, 139 N. Y. S. 2d 63 [1955]). One named as a coexecutor cannot be omitted as a party to the probate proceeding. (Matter of Cherkoff, 19 Misc 2d 69, 70, affd. [memorandum decision] 9 AD 2d 557 [1958], the opinion of the court stating: “ Furthermore, each person designated in the will as executor is such an integral part of a probate proceeding that he must be cited upon a petition if he is not the petitioner [Surrogate’s Ct. Act, § 140].”) Accordingly, it is the opinion of the court that the other two persons designated in the will as possible executors and guardians are necessary parties to this proceeding, which is adjourned pending issuance and return of a supplemental citation which proponent is directed to cause to be issued and served unless jurisdiction is otherwise acquired.