Laurence D. Wood, S.
Decedent’s will was admitted to probate on the 18th day of April, 1968. The provision of the will designating the executors is as follows: “lastly, I hereby appoint earl h. rounds and o. gates gridley, if living, if not HARRIETTE A. GRIDLEY and OLIVER G. GRIDLEY Executors of this, my last Will and Testament, hereby revoking all former wills by me made.”
0. Gates Gridley, one of the nominated executors, predeceased testatrix and at the time of probate, letters testamentary were issued to Earl H. Bounds, the survivor of the two primary executors. It was at that time and now is the opinion of the court that by the quoted language, testatrix clearly expressed a preference that Earl H. Bounds and 0. Gates Gridley act as executors of her estate, and that this preference survived the death of one of the two nominated primary executors, so as to continue in favor of the survivor, to the exclusion of the alternate executors, Harriette A. Gridley and Oliver G. Gridley.
Earl H. Bounds died on May 26, 1968. Thereafter, Mary B. Bounds, widow of Earl H. Bounds, and Harriette A. Gridley, *522 each residuary legatees under the will of decedent, by separate petitions, asked that letters of administration c.t.a. be issued to them jointly. In this proceeding, Oliver Gf. Gridley renounced his right to letters testamentary and consented that letters issue to Harriette A. Gridley and that letters of administration c.t.a. be issued to Mary B. Bounds.
Thereafter, Oliver G. Gridley filed an instrument retracting his renunciation and filed a petition asking that letters testamentary be issued to himself and Harriette A. Gridley. Harriette A. Gridley filed an amended petition requesting identical relief. Thereafter, Mary B. Bounds filed an amended petition asking that letters of administration c.t.a. be issued to her alone.
The primary question presented is whether Harriette A. Gridley and Oliver G. Gridley were named in the will only as alternate executors so as to become entitled to appointment only in the event that both of the primary executors named in the will were not alive at the death of testatrix, or whether, under the conditions now existing, they are entitled to appointment as successor executors.
The rules of law that the intention of the decedent as expressed in the will be given effect by the courts, unless contrary to law or public policy, and that such intention be determined from a reading of the will as an entirety, are too well settled to require citation of authority. (See Matter of Fabbri, 2 N Y 2d 236.) The same rules of law apply to the portion of a will in which the testator selects and designates ‘ ‘ by whom his estate shall be conserved, paid out and distributed.” (Matter of Bergdorf, 206 N. Y. 309.)
In Matter of Rathkopf (7 Misc 2d 104) petitioners were named as substitute executors in the will in the event that the executor named therein predeceased testatrix. The named executor died prior to or simultaneously with testatrix. Surrogate Bennett held that use of the word “predeceased” by testatrix included death of the named executor simultaneously with testatrix, and that it was the intention of testatrix that in such event, the substitute executors be appointed.
In Matter of Cornell (17 Misc. 468, 470) the will provided “ And in case of the death of my said executor, Edwin Young, it is my will that my nephew, Horace C. Young, shall be his successor as executor”. Edwin Young was duly appointed executor and thereafter died. The court directed that letters testamentary issue to Horace C. Young, quoting (p. 471) with approval the English case, In the Goods of Lighton (1 Hagg, 235): “ Where a testator appoints an executor and provides that, in case of his death, another should be substituted, on the *523 death of the original executor, although he has proved the will, the executor so substituted may be admitted to the office, if it appears to have been the testator’s intention that the substitution should take place on the death of the original executor, whether happening in the testator’s lifetime or afterwards.”
In Matter of Kruesi (25 Misc 2d 73) the will appointed testatrix’ husband executor, and in the event the husband predeceased testatrix, then Pinckney Estes Glantzberg executrix. The husband survived testatrix but renounced his right to letters. The court (Surrogate Cox) refused to issue letters of administration e.t.a. to a bank nominated by the residuary legatees, and directed that letters testamentary issue to Glantzberg, unless the first named executor retract his renunciation and qualify. The court, in directing letters testamentary to Glantzberg by inference held that testatrix intended the word “ predecease ” to include ‘ ‘ survive and renounce his right to letters. ’ ’
In Matter of Coudert (153 App. Div. 196), the will appointed testator’s brother executor; in case of his death or failure to act, his brother-in-law, and in case of his “failure to act”, his son, Charles Du pont Coudert, executor of his will. Letters testamentary were issued to the brother who later died, and thereafter letters testamentary were issued to the brother-in-law who subsequently died. The court held that Charles Du pont Coudert was entitled to letters testamentary, based on testator’s intention that in the event of death of the two first named executors, that his son, Charles, in turn administer his estate, and stated that the words ‘ ‘ failure to act ’ ’ should be interpreted to include the contingency of the estate not being fully administered.
The cases cited are indicative of the duty of the court to look beyond the technical dictionary meaning of the words used in the will to determine the actual and true intent of testatrix.
In the case at bar, it is the court’s opinion that testatrix intended by use of the words “ if living ” to include the contingency of one or both of the first named executors surviving testatrix and dying later, and that the fact that one or both might qualify as executors and thereafter die is immaterial as to the right of the two later named to letters testamentary. To state that it was the intention of testatrix that Harriette A. Gridley and Oliver G. Gridley should act as executors only in the event that both of the first named executors should predecease her, would be a much too strained and narrow interpretation of her intentions as expressed in the will. Certainly, Harriette A. Gridley and Oliver G. Gridley were persons acceptable to and selected by testatrix to collect and conserve her *524 estate and carry out the terms of her will, under certain contingencies. We think that the contingencies prerequisite to their right to letters testamentary have occurred.
We note in passing that the attorney-draftsman of the will of testatrix had, for a great many years, an extensive practice in the drawing and interpretation of wills, and in matters in Surrogate’s Court generally, and we feel sure that, had testatrix so intended, she would have used the word “ predeceased ” in place of “ living ” had it been her intention that the two later named act as executors only in the event that the two first named had passed away prior to testatrix.
We therefore conclude that Harriette A. Gridley and Oliver G. Gridley are entitled to letters testamentary as successor executor and executrix of the estate of decedent.
Counsel for Mary B. Bounds, who is also the executrix of the estate of Earl H. Bounds, suggests that SCPA 2207 (subd. 7) newly enacted by the Legislature, giving to the court discretionary power to grant to the fiduciary of a deceased fiduciary all the rights and powers of the deceased fiduciary, should be applied to this case. We cannot agree with this suggestion. In the court’s opinion, this statute should only be applied in cases where little remains to be done to complete the administration and distribution of the estate, or to accomplish some limited and specific object, and not as in this case, where substantially all of the duties of the fiduciary, including the marshalling of assets, the payment of debts, the preparation and filing of Federal and New York State estate tax returns, the payment of these taxes, perhaps the management and sale of real property, the distribution of the estate and accounting lie in the future.
The retraction by Oliver G. Gridley of his renunciation of rights to letters is accepted by the court.
The prayer of the petitions of Harriette A. Gridley and Oliver G. Gridley that letters testamentary be issued to them is granted without costs and letters ordered issued accordingly, upon their duly qualifying.
The petition of Mary B. Bounds and the petition of Harriette A. Gridley for letters of administration c.t.a. are dismissed, without costs.