Bertram R. Gelfand, S.
Decedent died on August 17, 1967 and his will was admitted to probate by this court on October 4, 1967. Letters testamentary were duly issued to decedent’s widow, Hannah Zalaznick, who was nominated under paragraph third of the will. She assumed her duties as executrix and continued to act as such until her death on August 29,1972.
The petitioner, Irving Zalaznick, alleging that nearly the entire estate of Abraham Zalaznick remains to be administered and distributed, now seeks his appointment as successor executor under paragraph fourth of the will which provides as follows: *44 * ‘ Should my wife predecease me, then and in that event, I nominate, constitute and appoint my sister, Anna Effross and my brother, Irving Zalaznick, as co-executors and co-trustees or their survivor, who need not give bond in any jurisdiction;” Anna Effross died on December 13, 1970, leaving her brother, Irving Zalaznick, the petitioner herein, as the sole surviving nominated successor executor. The petitioner contends that paragraph boubth of the will constitutes an effective nomination of him to serve as such successor executor of his brother’s estate and the fact that the decedent’s wife did not predecease him does not operate to deprive him of a right to administer the estate as successor executor.
A cross application has been filed by the respondents as the executors of the estate of the deceased executrix, Hannah Zalaznick, wherein they oppose the issuance of successor letters testamentary to Irving Zalaznick and request the issuance to themselves of such letters as the executors of the deceased executrix.
It is too well settled to require the citation of authority that the intention of the decedent as expressed in the will is to be given effect by the courts, unless contrary to law or public policy, and that such intention should be determined from a reading of the will as an entirety (Matter of Fabbri, 2 N Y 2d 236). It has also been held that the same rules of law apply to a portion of a will in which the testator selects and designates “ by whom his estate shall be conserved, paid out and distributed ’ ’ (Matter of Bergdorf, 206 N. Y. 309, 312).
In Hartnell v. Wandell (60 N. Y. 346, 351) the court stated: “ The courts have gone great lengths in giving effect to wills, designating or authorising the designation of executors. * * * These and numerous other cases that might be cited are only referred to as showing the great liberality which the courts have exercised in committing the execution of wills to those indicated in any manner by the will and in accordance with the intent of the testator, and so as not to disappoint his wishes, regardless of technicalities. The practice of the courts has been accommodated to the will, rather than the will made to give way to technical forms and modes of procedure”. (Emphasis added.)
In Matter of Drubin (29 Misc 2d 1062, 1066) the court said: “ The wishes of a testator as to selection of the person or persons who are to administer his estate are respected as far as possible. Provisions designating successor executors seem broadly construed to give effect to the testator’s wish. One *45 designated as executor if another predeceased has been held entitled when such other did not predecease, but renounced (Matter of Kruesi, 25 Misc 2d 73 [1960]). Likewise, where an executor did not predecease, but died simultaneously with testator the other [the substitute executor] was nevertheless entitled (Matter of Rathkopf, 7 Misc 2d 104 [1957]). Likewise, where an executor qualified but became incompetent, another who was designated in case the other did not live during the period of administration was held entitled to letters (Matter of Healy, 255 App. Div. 361 [1938]).” (Emphasis added.)
In Matter of Burdick (57 Misc 2d 521), the court was required to determine whether the contingencies prerequisite to the right of petitioners to letters testamentary had occurred. After referring at some length to Matter of Rathkopf (7 Misc 2d 104, supra) ; Matter of Cornell (17 Misc. 468); Matter of Kruesi (25 Misc 2d 73, supra); and Matter of Coudert (153 App. Div. 196), the Surrogate deciding in favor of petitioners said (p. 523): “ The cases cited are indicative of the duty of the court to look beyond the technical dictionary meaning of the words used in the will to determine the actual and true intent of testatrix.”
It is to be noted that in Matter of Kruesi (supra) and Matter of Coudert (supra) the court expressly rejected the argument advanced by the cross petitioners herein that the specific contingency upon which the application would become entitled to be appointed had not occurred. In each case cited herein, the primary concern of the courts appears to favor giving effect to the intent of the testator that a named person, usually a close blood relative, administer the decedent’s estate.
In support of their application for letters herein and in opposition to the petitioner’s application, the respondents rely on Matter of Robitscher (92 Misc. 653) which they allege is a case factually close to the situation at bar. In that case the testator appointed his wife the sole executrix and then named A, B and C as executors if his wife should die before he did and not otherwise. In denying successor letters to C (A and B having predeceased) the court held that since there was no provision made in the event of the death of decedent’s widow after receiving letters, the proper course upon her death was to apply for the appointment of an administrator c. t. a. This court is of the opinion that Matter of Robitscher (supra) does not apply in the case at bar since the appointment in that case would become effective only in the event the testator’s wife should die before he did and not otherwise. The court does not find in the language of the instant case that testator created any such express *46 condition precedent to the named alternate becoming successor fiduciary.
The respondents also request that their cross application for letters in this estate be granted based on SOPA 2207 (subd. 7) or alternatively, for an order appointing them pursuant to SOPA 1418 (subd. 1, par. [b]). Based upon the aforesaid, this court must conclude that the two sections of the Surrogate’s Court Procedure Act relied upon in the alternative by the cross petitioners are totally inapplicable to this case and do not support in any way the application of cross petitioners for successor letters herein.
Accordingly, based on the controlling authorities heretofore set forth, the court holds that in view of the designation by the testator of Irving Zalaznick as successor executor under the provisions of paragraph fourth of his will, the petitioner is the sole person entitled to successor letters testamentary of this estate.