Millard L. Midonick, J.
This request for a will construction is made by the surviving wife of one of the two duly qualified coexecutors named in the will of the testatrix, Esther V. Stavin.
In her petition the wife alleges that under a proper reading of article Fifth of the will she is entitled to succeed her late husband Maurice Stavin as coexecutor of the estate.
Article Fifth provides as follows: • "I nominate, constitute and appoint my sons, Cecil Stavin and Maurice Stavin, or the survivors or survivor of them, to be my Executors or Executor of this my Last Will and Testament. In the event my son Cecil *1057 Stavin predeceases me, I appoint his wife Beatrice Stavin, as Executrix. In the event my son Maurice Stavin predeceases me, I appoint his wife Ethel Stavin as Executrix.”
At the time the will was admitted to probate on March 20, 1970, both Maurice and Cecil were alive, and both qualified as coexecutors on the same date.
On July 20, 1970, four months after his qualification, Maurice Stavin died. Cecil Stavin has continued to serve as executor.
In a will construction the testator’s intent controls and this intent will be gleaned from the language of the will. In many decisions involving will construction issues, the courts have relied upon the dominant purpose evidenced by the decedent. (Matter of Schriever, 221 NY 268.) No matter how inept the language or how ambiguous or obscure the language is the court will, if possible, construe the will so as to give force and effect to the main purpose of the decedent. (Haug v Schumacher, 166 NY 506.)
There has been great liberality exercised by the courts in committing the execution of wills to those persons indicated in any manner by the will, and in accordance with the intent of the testator, and in such manner so as not to disappoint his wishes regardless of technicalities. The practice of the courts has been accommodated to the will, rather than the will made to give way to technical forms and modes of procedure. (Matter of Coudert, 153 App Div 196.)
A reading of this will reveals the intent of the testatrix that both branches of her family be represented in the administration of her estate. The word "predeceases” is not to be technically applied in this situation. The provision designating successor or alternate executors is to be liberally construed. SCPA 706 (subd 1) has been carefully considered. However, it is the court’s opinion that within the terms of this will the appointment of a successor fiduciary is required. (Matter of Zalaznick, 76 Misc 2d 43.)