Evans V. Brewster, S.
This is a proceeding for the issuance of letters of administration c. t. a. brought by a coresiduary legatee. The other residuary legatee postdeceased the decedent and her administrator has consented to the relief requested by this petitioner. The decedent died on February 22, 1972. Her will was admitted to probate on January 4, 1973 with letters testamentary being issued to her husband, the primary executor named therein. The husband has since died (December 24, 1975) during the pendency of his accounting proceeding as such executor which he had previously filed. Earlier, the husband had filed a notice of his election to take against the decedent’s will; the effect of which must be determined in the accounting now on file.
The appointment of an administrator c. t. a. is opposed by one who is a distributee of the deceased husband and the nominated executrix residuary legatee of his estate. The opposition to the appointment is grounded chiefly upon the provisions of SCPA 2207 (subds 3, 5, 7). These provisions deal with the granting to the fiduciary of a deceased fiduciary the necessary powers to continue an accounting and wind up the estate. The petitioner has moved to dismiss the objections to his appointment. The motion must be granted for several reasons.
The objectant is not at this time a person interested in this *1030 estate. Her status as a distributee and potential legatee of the deceased husband’s will does not bring her within the class of an "interested person” (SCPA 103, subd 36). As yet, no letters have been issued to her in the estate of the deceased husband whose will is now under contest. Since she is technically without status to appear in this proceeding in her present capacities, her appearance by an attorney should not have been filed without a court order permitting same pursuant to appropriate motion for leave therefor (CPLR 1013).
Even assuming for the purpose of this motion that letters testamentary had been issued to the objectant, the granting to the fiduciary of a deceased fiduciary the powers authorized under SCPA 2207 is purely discretionary with the court. It appears that there are assets still to be administered in this estate as well as questions which undoubtedly will arise in the accounting proceeding which favor the existence of an independent fiduciary to wind up this estate. In short, it does not appear that the administration of this estate is presently in a position to make final distribution as contemplated by the above provisions of SCPA 2207 to warrant their application.
The order of priority for the issuance of letters of administration c. t. a. is clearly set forth in SCPA 1418 (subd 1):
"[U]pon the application of any person who may petition for * * * probate * * * the court must issue letters of administration with will annexed in the following order of priority:
"(a) to a sole beneficiary or if he be dead to his fiduciary;
"(b) to one or more of the residuary beneficiaries or, if any be dead, to his fiduciary;”.
The facts clearly bring this case within paragraph (b). One of the two residuary beneficiaries has petitioned for letters and the fiduciary of the other deceased residuary beneficiary has consented. Even if there were a fiduciary appointed in the husband’s estate and by virtue of the husband’s election to take against the will the court were to view his estate as having the same interest as a coresiduary legatee, paragraph (b) still gives the court the right to select "one or more of the residuary beneficiaries” to receive the appointment.
However, there is still another circumstance, not raised by either party, which is completely unrelated to the facts and law discussed above. Decedent’s will names the petitioner as an alternate executor in the event of the predecease of the *1031 husband, the primary executor. No other contingency following which a substitute executor would be appointed, is mentioned in the will. Thus, the circumstances which have arisen in this case were not provided for, i.e., the issuance of letters testamentary to the husband and his dying prior to the completion of estate administration. Nevertheless, in similar circumstances, the courts have looked beyond the technical meaning of the words used in the executorial clause to determine if a testator truly intended to limit the appointment to the precise contingency specified. If so, the courts cannot extend the appointment beyond that made in the will (Matter of Robitscher, 92 Mise 653, where the appointment was made under a certain contingency "and not otherwise”). To do so would violate the manifest intent of the testator.
If no such limiting language is present, then the courts are at liberty to broadly construe the clause to commit the execution of estates to those indicated in any manner by the will and in accordance with the intent of the testator (Matter of Zalaznick, 76 Misc 2d 43, and numerous cases cited therein; Matter of Teitelbaum, NYLJ, July 31, 1974, p 11, col 8 [DiFalco, S]).
The language of the executorial clause under consideration discloses no evidence that the testatrix intended to limit the appointment of the substitute executor solely to the contingency mentioned therein. Accordingly, the court construes the intent of paragraph ninth of decedent’s will to be that the substitute executor is nominated and appointed executor to succeed the named executor upon his death prior to the settlement of decedent’s estate. Letters testamentary shall issue to the petitioner as successor executor. This determination will also have the added advantage of eliminating the expense of a bond which would have been fixed were letters of administration c. t. a. to have issued.
The motion to dismiss the objections is therefore granted in its entirety. The decree to be made herein shall provide for the striking of the notice of appearance of the objectant for lack of status and shall construe the will as above determined with a direction for the issuance of letters testamentary to the petitioner as successor executor upon his duly qualifying according to law.