OPINION OF THE COURT
Renee R. Roth, S.
*587 In this otherwise uncontested probate proceeding in the estate of William Greenspon, a novel issue is raised by two competing applications for appointment as executor. The question is whether the designation of a fiduciary is entitled to deference where such selection is made by an agent of the testator rather than the testator himself.
Decedent died on December 1, 2006 and was survived by his wife, Virginia Cleary, and three children, two from a prior marriage. In the propounded instrument, he nominated his attorney, Eric Kaufman, as executor and authorized Mr. Kaufman to name his successor. Mr. Kaufman, however, renounced and nominated the widow to serve in his place. Accordingly, the probate petition seeks appointment of the widow as administratrix c.t.a. One of decedent’s sons from the prior marriage has filed a cross petition asking that letters issue to him instead.
Although the law is well established that a testator’s selection of a fiduciary is entitled to great respect and not to be lightly disregarded (Matter of Duke, 87 NY2d 465 [1996]; Matter of Leland, 219 NY 387 [1916]), the courts have invoked such principle only in relation to designations made by the testators directly. In other words, no prior decision has considered whether the Leland principle applies to a case such as this, i.e., where the fiduciary is named by an agent of the testator, rather than directly by the testator.
The answer becomes apparent once the premises underlying the authorization to designate are considered. In this case, the authority that the testator conferred on Mr. Kaufman — to designate a fiduciary in case of a vacancy in office — implicitly rested in the testator’s confidence in Mr. Kaufman’s judgment. Rather than making a choice of such default fiduciary at the time of executing his will, i.e., before the fact of any vacancy, the testator opted for the greater flexibility of speaking through his trusted agent more closely to the time of appointment of the fiduciary, when matters such as availability and suitability could be better evaluated. In essence, the testator was satisfied to adopt Mr. Kaufman’s choice as his own. Accordingly, the principles stated in Matter of Leland (supra) and Matter of Duke (supra) are applicable here, and Mr. Kaufman’s designation of the widow as fiduciary should be honored no less than if the testator had made such designation directly.
For the foregoing reasons, the widow must be appointed fiduciary unless some countervailing consideration impels a contrary resolution. The son contends that there is such circum *588 stance here, arguing that Mr. Kaufman is authorized to appoint only his successor and that his proposed appointment of a substitute fiduciary is therefore invalid. It is noted, however, that a court must not read a will’s provisions so strictly when such a reading would be inconsistent with the clear intention of the testator. In this case, given the testator’s clear purpose to provide for a fiduciary in the event of a vacancy in office, the difference between the term “successor” and the term “substitute” is immaterial since the absence of a predecessor fiduciary does not reflect the failure of a meaningful contingency (Matter of Zalaznick, 76 Misc 2d 43 [1973]; Matter of Kruesi, 25 Misc 2d 73 [I960]).
Since there is no allegation that the widow is ineligible or unfit to serve, a decree has been signed granting letters of administration c.t.a. to Virginia Cleary.