In the Matter of the Application of Florence L. Hutson to Compel James R. Duncan, et al., as Trustees for George W. Fowler, under the Will of George Fowler, Deceased, to Pay Over the Income of the Trust to Her.

Florence L. Hutson, Petitioner-Respondent, James R. Duncan, The City National Bank of Binghamton and Raymond D. Dewey, as Trustees under the Last Will and Testament of George Fowler, Deceased, Respondents-Trustees, George W. Fowler, Respondent-Appellant.

Third Department, March 3, 1943.

*Chadbourne, Hunt, Jaeckel & Brown (Clinton DeWitt Van Siclen* and *John G. Powers* of counsel), for respondent-appellant.

*William B. Roulstone* for petitioner-respondent.

*Patrick B. Healy,* former attorney for petitioner, *in pro per* and as *amicus curiæ.*

*Deyo, Turner & Normile (C. W. Turner* of counsel), for respondent-trustees.

CRAPSER, J. This is an appeal from a portion of a decree made by the Surrogate's Court of Broome County on June 18, 1942, directing that the petitioner be paid out of the annuity of said George W. Fowler, referred to in the will of George Fowler, deceased, an allowance and costs to her former attorney herein, Patrick B. Healy, in the sum of $1,500, and an allowance to her present attorney, William B. Roulstone, in the sum of $1,500 and further providing that they have execution respectively against the respondent, George W. Fowler, for the amount of said costs and allowances.

The proceedings of which the appeal herein is an outgrowth were commenced in the Surrogate's Court of Broome County by the filing of a petition by the petitioner-respondent. A citation was duly issued. The relief sought was to compel the respondent-trustees to pay over a certain share of the interest

of the appellant herein, George W. Fowler, in the estate of George Fowler, deceased, direct to the petitioner pursuant to a certain purported assignment executed by Mr. Fowler. The respondent-trustees, in their amended answer to the petition, asked for instructions as to whom the money should be paid and for the construction of the will of George Fowler, deceased, insofar as such construction was necessary to determine the validity of the purported assignment. Appellant Fowler asked that the prayer of the petition be denied.

The Surrogate determined that the interest of Mr. Fowler was inalienable and therefore not properly assignable by him. The Surrogate's opinion is reported in 27 New York Supp. [2d] 505.

The Surrogate entered a decree which embodied his decision and awarded costs and allowances as follows: $1,500 to Patrick B. Healy, then attorney for the respondent, Hutson, payable from the corpus of the trust fund; $1,070 to the attorneys for the trustees, payable from the corpus of the trust fund; $3,000 to the attorneys for George W. Fowler, payable from the accumulated annuity which was in controversy. No objections were made to any of these amounts or the source or sources from which the same should be payable, except that the attorneys for the trustees objected to the making of any such allowance payable from the principal of the trust.

The petitioner-respondent Hutson, appealed from each and every part of the decree and decision as well as from the whole thereof. The respondent-appellant, George W. Fowler, appealed from as much of the decree as awarded an allowance to Patrick B. Healy, payable from the corpus of the trust fund. The respondent-trustees appealed from so much of the decree as adjudged that the proceeding herein was a proceeding to construe the will within the meaning and intent of section 278 of the Surrogate's Court Act and which adjudged that the trustees be directed to pay Patrick B. Healy out of the corpus funds in their hands the sum of $1,500.

The appeal was perfected and was duly argued in the Appellate Division of this department and an opinion was written which is reported at 263 Appellate Division 255. The opinion begins as follows: " We are again called upon to interpret the will of George Fowler, late of the county of Broome, deceased, and especially the nineteenth paragraph thereof.'' On the appeal the decree of the Surrogate was reversed upon the law and the matter remitted for the purpose of entering a decree

as prayed for in the petition, with costs to the appellant payable out of the annuity of George W. Fowler.

In the meantime the respondent-appellant appealed to the Court of Appeals at 288 New York 697 which affirmed the order, with costs payable out of the annuity fund of the appellant George W. Fowler as aforesaid. Mr. Fowler moved in the Court of Appeals for a reargument and to amend the remittitur. The Court of Appeals denied the motion for a reargument and to amend the remittitur and said " The costs are payable out of the annuity." (289 N. Y. 756.)

Thereafter and on June 15, 1942, the Surrogate entered his decree in which he embodied the decision and direction of this court regarding the assignability of Mr. Fowler's interest and further directed that the said petitioner be paid out of said annuity of said George W. Fowler, referred to in said assignment, the sum of $256.65 for petitioner's costs and disbursements in said Appellate Division, together with an allowance and costs to her former attorney, Patrick B. Healy, in the sum of $1,500 and an allowance to her present attorney, William B. Roulstone, in the sum of $1,500 and the appeal is from the part of this decree which provides that the petitioner be paid out of the annuity of George W. Fowler referred to in the will of George Fowler, deceased, an allowance and costs to her former attorney, herein, Patrick B. Healy, in the sum of $1,500 and an allowance to her present attorney, William B. Roulstone, in the sum of $1,500 and further providing that said Patrick B. Healy and William B. Roulstone have execution respectively against respondent George W. Fowler for the amount of said costs and allowances.

The order of this court reversing the decree of the Surrogate provided for costs to the appellant in this court and the court below payable out of the annuity of George W. Fowler. This was under section 283 of the Surrogate's Court Act and the determination of this court on the question of costs did not limit the Surrogate as to making of allowances for counsel fees or direct him from what fund they should be paid. The power of the court to award costs in all courts and to all parties in a proceeding as to the construction of a will is well established. (*Matter of Rooker's Will*, 248 N. Y. 361; *Matter of Kennedy's Will*, 279 N. Y. 255.)

Such a grant of costs does not deprive the Surrogate of the discretionary powers granted to him under section 278 of the Surrogate's Court Act. (*Matter of Staiger's Will*, 249 N. Y. 229.) Such costs do not include any allowance for counsel fees.

621

This is a matter to be determined by the Surrogate. (*Matter of Reimers' Will,* 264 N. Y. 62; *Matter of Walters' Estate,* 285 N. Y. 412.)

The proceeding herein was a proceeding to construe the will of George Fowler and especially the nineteenth paragraph thereof. It was so stated in the opinion of reversal and the Surrogate so recognized it and the counsel for the trustees in their answer prayed for a construction of the will of said George Fowler, deceased, so far as necessary to determine the assignability by George W. Fowler of his interest under the terms of the trust.

The term " costs " includes only those fees and charges, the amounts of which are fixed by statute. Allowances are made under the discretion of the court. (*Matter of Watson's Will,* 149 Misc. 235, 238.)

This court was without power to direct the Surrogate to award allowances. The granting or withholding of allowances is a matter solely within the discretion of the Surrogate.

According to Appendix A, in appellant's reply brief, the Surrogate in this case was of the opinion that the allowances made by that court were directed by the Appellate Division to be paid out of the interest of George W. Fowler. In this he was mistaken; this court did not make any such direction. The Surrogate evidently exercised his discretion in making the allowances to the attorney and former attorney for the petitioner-respondent of $1,500 each as provided in the fourth paragraph of section 278 of the Surrogate's Court Act and he erred only in believing that the reversal in this court compelled him to make them payable out of the interest of George W. Fowler.

The decree of the Surrogate's Court should be modified by striking therefrom the provision that the allowances granted to Patrick B. Healy and William B. Roulstone, respectively, be made payable out of the annuity of George W. Fowler and by striking therefrom the provision that said Healy and Roulstone, respectively, have execution against George W. Fowler for the amounts of such allowances, and the decree should be further modified by making the said allowances to said Healy and Roulstone, respectively, payable out of the estate and as so modified the decree should be affirmed, with costs to the attorneys for the respondents-trustees, to the attorneys for the appellant, and to the attorney for the respondent Florence L. Hutson payable out of the estate.

HILL, P. J., HEFFERNAN and SCHENCK, JJ., concur; BLISS, J., concurs in the result.

The decree of the Surrogate's Court is modified by striking therefrom the provisions that the allowances granted to Patrick B. Healy and William B. Roulstone, respectively, be made payable out of the annuity of George W. Fowler and by striking therefrom the provision that said Healy and Roulstone, respectively, have execution against George W. Fowler for the amounts of such allowances, and the decree is further amended by making said allowances to said Healy and Roulstone, respectively, payable out of the estate and as so modified the decree is affirmed, with costs to the attorneys for the respondents-trustees, to the attorneys, for the appellant, and to the attorney for the respondent Florence L. Hutson payable out of the estate.