S. Samuel Bi Falco, S.
The first of the questions submitted for decision in this proceeding for the settlement of the intermediate account of the successor trustees involves the construction of the will’s “Fourth” and “Seventh” paragraphs in which the testator provided as follows:
‘ Fourth : I direct my executors hereinafter named to set apart a trust fund of $80,000 * * * the net income * * * to be paid to my son max simons during the term of his natural life * * *.
“Seventh : Upon the death of my said son max simons I direct that my executors * * * shall divide the said trust fund * * * into two equal parts and shall pay over the said two equal parts as follows:
“ (a) One equal one-half part to my grandson, norman •a. jj. ¿f, SIMONS "" *
“ (b), One equal one-half part * * * to my said son, melvin c. simons, and my grandson, Sidney roseneeld, * * * absolutely and forever, share and share alike, and to their lawful issue, if any, per stirpes and not per capita.”
The trust has fallen in with the death of the life beneficiary on June 22, 1957. Of the three named remaindermen, two, Norman Simons and Sidney Rosenfeld, survive but Melvin C. Simons died without issue prior to the termination of the trust. It is with the one-fourth interest in the remainder set apart for his benefit with which we are presently concerned, the petitioners contending on the one hand that the legacy lapsed because of his failure to outlive the life beneficiary and the representative of the residuary legatee under his own will insisting that the gift vested in Melvin upon the death of his father, the present testator.
The court is convinced that the testator had in mind, in disposing of one half of the remainder to Melvin Simons and Sidney Rosenfeld “ and to their lawful issue, if any, per stirpes and not per capita,” to provide for a substitutional gift to the issue of *354 the named legatees to take effect in the event of the death of either of them leaving such issue him surviving. To hold to the contrary would be to ascribe a testamentary program to the deceased which is wholly at variance with the content of his will. The court cannot conceive of the testator’s having entertained the notion that a gift to his son and grandson, if it took effect, would nevertheless be subject to diminution in favor of their issue. Plainly it was his purpose to permit the issue to participate in his bounty only in the event of the prior death of their parent. Common sense commands this construction for which solid authority is to be found in the statement by the Court of Appeals in Matter of Tamargo (220 N. Y. 225, 229) where the court said: ‘ ‘ In the natural and ordinary meaning of words, a substitutional or alternative gift is expressed by the disjunctive ‘ or ’ or by ‘ and ’ justifiably, under its context, construed to mean ‘ or ’ * * * ”.
It is to be noted that the words employed by the testator in directing the disposition of the remainder are confined to the happening of future events. It is then, because of the qualification of the legacy by these two factors, first, the absence of words of present gift and, second, the provision for substitution, that reference to the ‘ ‘ divide and pay-over ’ ’ rule is required in defining the testator’s intention (Matter of Evans, 234 N. Y. 42).
This court has on occasion joined in the criticism which has been levelled against the “ divide and pay-over rule ” (Matter of Bishop, 206 Misc. 7, affd. 1 A D 2d 612, affd. 3 N Y 2d 294) but only when the principle has been urged upon it under circumstances which did not justify its use. In this instance that is not the case. Here the conclusion that the remainder in favor of Melvin C. Simons is contingent is compelled by the attachment of futurity to the gift and the provision for substitution conditioned upon the death of the first named taker (Warner v. Durant, 76 N. Y. 133; Matter of Meahl, 241 App. Div. 333; Dougherty v. Thompson, 167 N. Y. 472).
In this view of the matter, because Melvin C. Simon did not qualify for the bequest, the gift fails and becomes part of the residuary estate, subject to the directions of the testator disposing of that portion of his property, for, in the words of Chancellor Walworth, the residuary clause passes “ all reversionary and contingent interests in property which, in the events contemplated by the testator, are not otherwise disposed of.” (Craig v. Craig, 3 Barb. Ch. 76, 101.) The will is so construed.
Paragraph ‘ ‘ Ninth ’ ’ of the will directs the executors and trustees to invest the funds of the estate * ‘ in five per cent bonds *355 secured by first mortgages, the payment of which is guaranteed by a company engaged in the business of guaranteeing mortgages, securing improved, income producing real estate situated in the Borough of Manhattan, City of New York, within the territory bounded by the Battery to the Harlem River, and from the East River to the North River, giving them, however, full power and authority to retain such securities or investments as I may own at the time of my decease.”
In light of the conditions presently obtaining in real estate financing, compliance with this direction is manifestly impossible. As a consequence, the petitioners are freed from the obligation imposed by the testator and will be authorized to invest the funds of the trust estate in any of the investments authorized under the existing law governing investment powers of testamentary trustees. (Matter of Flanagan, 199 Misc. 842; Matter of Sinclaire, 201 Misc. 189.)
Submit decree on notice construing the will in accordance with the foregoing and settling the account as filed.