In the Matter of the Estate of JOHN T. WASHBURN, Deceased. GEORGE V. D. HUTTON, JR., as Administrator with the Will Annexed of ELEANOR H. WASHBURN, Deceased, et al., Appellants, IRVING RIBSAMEN, JR., et al., Respondents.

Third Department, October 29, 1965.

*Lloyd R. Le Fever* for George V. D. Hutton, Jr., appellant.

*Abraham Streifer* and *David M. Barnovitz* for Kingston Hospital, appellant.

*Richard B. Overbagh* for Trinity Episcopal Church of Saugerties, appellant.

*Louis P. Francello* for Ellen Russell Finger Home for Aged and Indigent Women, appellant.

*Vincent G. Connelly* for Anna T. Washburn, appellant.

*Rosenblum & Lamb* for Irving Ribsamen, Jr., respondent.

*Schirmer & Carnright (Robert L. Carnright* of counsel), for Mildred O'Bryon, respondent.

*Rusk, Rusk & Feeney* for Kingston Trust Company.

AULISI, J. Appeal from so much of a decree of the Surrogate's Court of Ulster County entered on December 14, 1964, as ordered that the balance remaining in the hands of the successor trustee be paid to Irving Ribsamen, Jr., a descendant of John T. Washburn, Jr.

Upon its accounting as successor trustee, the Kingston Trust Company requested a determination of the construction and effect of paragraph "Fourth" of the last will and testament of John T. Washburn, Sr., which reads as follows: "Fourth: I give and bequeath to my two sons, John T. Washburn, Jr., and George Washburn, the sum of Twenty-Five Thousand Dollars ($25,000.00) IN TRUST, for the several uses, ends, intents and purposes, and under and subject to the several provisions, restrictions, limitations and conditions following, that is to say: That said John T. Washburn, Jr., and George Washburn, as Trustees shall invest the said sum of Twenty-Five Thousand

Dollars ($25,000.00), in such securities and in the manner thought best by said Trustees and said Trustees are not limited in investments to securities designated by law as ' Trust Investments ' and collect the dividends, interest and income of such investments, and after deducting therefrom all expenses and charges of the said trustees in management of the trust, the said Trustees shall pay the balance of the same in semi-annually payments on January 1st and July 1st, of each year to my son Ward Washburn, during the term of his natural life, and at the death of my said son, Ward Washburn, my said Trustees shall pay the said sum of Twenty-Five Thousand Dollars ($25,000.00) in equal shares to the lawful issue of my said son, Ward Washburn, per stirpes and not per capita; but should my said son, Ward Washburn, die leaving no lawful issue (lineal descendants) him surviving then the said Trustees shall pay the said principal sum of Twenty-Five Thousand Dollars ($25,000.00) in equal shares to my children John T. Washburn, Jr., and George Washburn, and in case any of my said children should die prior to the death of my said son, Ward Washburn, leaving children him surviving, then such children to receive and to be paid the share their parents would have received, if living, and if any of my said children should die prior to the death of my said son, Ward Washburn, without leaving children him surviving, then the share of such son so dying shall be paid to the surviving of my said children, and to the children of any such as may be dead, such children to receive the share their parents would have received if living.''

The testator died on February 18, 1911, survived by three sons, John T., Jr., George and Ward. His will admitted to probate March 13, 1911, after making provision for his wife and devising certain real property to his son Ward, by paragraph '' Fifth '' gave the residue of his estate to his sons, John T., Jr. and George. On June 24, 1922, George died leaving no children or descendants. He gave his entire estate to his wife Eleanor H. Washburn who upon her death January 31, 1946, gave the residue of her estate to her nephew George V. D. Hutton, Sr. On April 10, 1956, John T. Washburn, Jr. died leaving no children. He had, however, on September 17, 1923, adopted an 11-year-old child, Ruth Turner, who predeceased him and left a son, Irving Ribsamen, Jr. John, Jr.'s will was admitted to probate on April 27, 1956, and Irving Ribsamen, Jr., was adjudged his descendant (*Matter of Washburn*, 23 Misc 2d 415, affd. 12 A D 2d 856). The life beneficiary of said trust, Ward Washburn, died on April 4, 1963. He left no children or descendants and gave his estate to his wife, Anna T. Wash-

burn. Kingston Hospital, Trinity Episcopal Church, Ellen Russell Finger Home for Aged and Indigent Women and Mildred O'Bryon have an interest in the residuary estate of John T. Washburn, Jr.

It appears to us that here we have a carefully drawn will in clear and unambiguous language from which the intent of the testator is easily discernible. In our view it was testator's desire that in the event that his son Ward should die without issue (lineal descendants) then the corpus of the trust should go to his sons John, Jr., and George and in case either or both of them might predecease Ward, leaving children, then he gave their share to such children. In the event that either John, Jr., or George should die prior to Ward without leaving children, then he gave the survivor the entire fund. Nothing in paragraph "Fourth" indicates that the principal or any portion thereof should be paid to Ward and therefore, his widow's contention cannot be sustained. Similarly, there is no merit to the position taken by the representative (Mr. Hutton) of the estate of George's widow. Having died without children and prior to Ward the estate of George Washburn had no interest in the trust fund and his interest passed to his brother John, Jr. (*Matter of McCombs,* 261 App. Div. 449, affd. 287 N. Y. 557; *Matter of Banker,* 223 App. Div. 496, affd. 248 N. Y. 596; *Matter of Chisolm,* 108 N.Y.S. 2d 490, affd. 280 App. Div. 872, mot. for lv. to app. den. 304 N. Y. 986, mod. 283 App. Div. 880).

We are constrained to disagree with the Surrogate's conclusion that John T. Washburn, Jr.'s interest in the trust was divested in favor of his adopted daughter. Upon the death of the testator, his sons, John, Jr., and George became vested with the interest of remainderman subject to being divested by the happening of future events (Real Property Law, § 40; *Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573; *Stringer* v. *Young,* 191 N. Y. 157; *Connelly* v. *O'Brien,* 166 N. Y. 406).

When the provisions in paragraph "Fourth" became effective at testator's death, John, Jr., had not yet adopted Ruth Turner and in fact she was not even born. Therefore, the word "child" or "children" in the testator's will could in no event include the son of this adopted child (see *Matter of Horn,* 256 N. Y. 294). Moreover, former section 115 of the Domestic Relations Law, which applies to wills of persons dying prior to March 1, 1964, places a limitation on the right of adopted children and their distributees inheriting from their foster parents so as to defeat the rights of remaindermen in the following language: "As respects the passing and limitation over of real or personal property dependent under the pro-

visions of any instrument on the foster parent dying without heirs, the foster child is not deemed the child of the foster parent so as to defeat the rights of the remaindermen." (L. 1938, ch. 606, § 1.) In the absence of any indication of the testator's intent, it will be presumed that he did not envisage adopted children taking under the limitation (see *New York Life Ins. & Trust Co.* v. *Viele,* 161 N. Y. 11).

It is our opinion that the residuary legatees under John, Jr.'s will must be considered remaindermen within the meaning of former section 115, and, therefore, Ruth Turner's adoption by John, Jr., cannot defeat their (residuary legatees) right to take the corpus of the trust (*Matter of Leask,* 197 N. Y. 193; *Matter of Park,* 15 N Y 2d 413). The holding in *Matter of Mawhinney* (146 Misc. 30, affd. 239 App. Div. 874) is distinguishable for the reason in that case there was no "precedent estate on the termination of which the property was to go to the remaindermen, that is the person or persons who would be entitled to the last estate" (146 Misc. 30, 34).

The decree should be modified, so as to direct that the balance of the trust, namely $45,838.22 be paid to the estate of John T. Washburn, Jr., to pass according to the terms of his will.

GIBSON, P. J., HERLIHY, REYNOLDS and HAMM, JJ., concur.

Decree modified, on the law and the facts, so as to direct that the balance of the trust, namely $45,838.22, be paid to the estate of John T. Washburn, Jr., to pass according to the terms of his will, and as so modified, affirmed, with costs to each party filing a brief payable out of the estate.