In the Matter of the Estate of ESTHER V. STAVIN, Deceased.

CECIL STAVIN, Appellant; ETHEL K. STAVIN, Respondent.

First Department, February 3, 1977

*Abbie Goldstein* for appellant.

*Alan I. Hayman* and *Andrea Stavin Hayman* for respondent.

SILVERMAN, J. Cecil Stavin, executor under the will of Esther V. Stavin, appeals from a decree of the Surrogate's Court construing decedent's will as establishing the right of Ethel K. Stavin to be successor executrix, in place of her deceased husband Maurice V. Stavin, and directing the issuance of letters testamentary to Ethel K. Stavin as coexecutrix with appellant Cecil Stavin.

Testatrix Esther died on December 14, 1969. She was survived by her two sons, Cecil Stavin, the appellant, and Maurice V. Stavin, the husband of respondent Ethel K. Stavin. The will was admitted to probate on March 20, 1970, and on that date, letters testamentary were issued to Cecil and Maurice, the executors named in the will. Maurice died four months later, on July 20, 1970, and then Cecil continued as the sole executor until the decree now appealed from. By petition dated October 18, 1975, respondent Ethel, the widow of Maurice, asked for a construction of the will adjudging that she was entitled to receive letters testamentary with respect to the estate of the testatrix Esther. The Surrogate granted that petition and made the decree now under review.

Article FIFTH of the will provided: "FIFTH: I nominate, constitute and appoint my sons, CECIL STAVIN and MAURICE STAVIN, or the survivors or survivor of them, to be the Executors or Executor of this my Last Will and Testament. In the event my son CECIL STAVIN predeceases me, I appoint his wife BEATRICE STAVIN, as Executrix. In the event my son MAURICE STAVIN predeceases me, I appoint his wife ETHEL STAVIN as Executrix."

Article SECOND of the will leaves the entire estate, in equal shares, to the two sons, Cecil and Maurice, absolutely, with a provision that if either son "predecease" the testatrix, that sons's share go to the issue of the deceased son surviving the

testatrix, or in default of such issue, then to the survivor of the sons Cecil and Maurice.

The Surrogate said (85 Misc 2d 1056, 1057): "A reading of this will reveals the intent of the testatrix that both branches of her family be represented in the administration of her estate. The word 'predeceases' is not to be technically applied in this situation. The provision designating successor or alternate executors is to be liberally construed. SCPA 706 (subd 1) has been carefully considered. However, it is the court's opinion that within the terms of this will the appointment of a successor fiduciary is required."

We do not agree.

Although the petition is cast in the form of a construction proceeding, what it really seeks, and has been granted, is the appointment of respondent Ethel as coexecutrix.

SCPA 706 (subd 1) provides: "Where one of two or more fiduciaries dies * * * a successor to the deceased fiduciary * * * shall not be appointed, except where such appointment is necessary in order to comply with the express terms of a will; but the others may proceed and complete the administration of the estate pursuant to the letters and may continue any action or special proceeding brought by or against all."

This statute is not a canon of construction. It is rather a direction as to when successor executors shall be appointed. It directs that in a situation such as is here presented, no successor executor shall be appointed "except where such appointment is necessary in order to comply with the *express terms* of a will." We do not think the express terms of this will make this appointment necessary.

The will directs the appointment of respondent Ethel as successor if Maurice "predeceases me." Plainly Maurice did not predecease the testatrix. The Surrogate was of the opinion that it was the testatrix's intent that both branches of her family be represented in the administration of her estate. It is unnecessary for us to consider whether that is correct. If such intent can be gathered from the will, it is not in the "express terms" of the will. The Surrogate applied the rule that the testator's intent controls, and that this intent should be "gleaned from the language of the will" "no matter how inept the language or how ambiguous or obscure the language." But this is precisely the kind of language that the statute said shall not govern the appointment of successor executors. Only "express terms" shall control. Presumably, considerations of

practicality, administration expense, and avoidance of unnecessary disputes persuaded the Legislature to require that if a successor executor is to be appointed, the will shall plainly and expressly say so.

In the present case there are additional reasons why the appointment of a successor executor should not be wholly governed by an effort to glean from the will what the testatrix may have intended but did not express. If respondent Ethel was entitled to appointment as successor coexecutrix under the terms of the will, she was so entitled immediately upon Maurice's death in July, 1970; she did not then apply for appointment. Instead, she waited over five years, during which time presumably most of the task of administering the estate must have been done and probably what is now left is merely a litigation among the beneficiaries which can be disposed of in the accounting proceeding. Can one really say that the testatrix intended that if one of her surviving sons shall have been the sole executor for over five years (almost six years by the time of the decree), that the widow of the other son should be added as successor coexecutrix? Further, the statutes contemplate that persons entitled to issuance of letters testamentary shall qualify very promptly after becoming eligible. Cf. the 15-day requirement for original qualification after probate. (SCPA 1416, subd 1, par [a] and SCPA 1414, former subd 4 in effect until Sept. 1, 1970.)

We of course are not considering the powers of the Surrogate to act based on circumstances other than the construction of the will, e.g., his power to suspend, modify, or revoke letters of a fiduciary who has "improvidently managed or injured the property committed to his charge" or been guilty of "other misconduct in the execution of his office." (SCPA 711, subd 2.)

The decree of the Surrogate's Court, New York County (MIDONICK, J.), filed June 4, 1976, should be reversed, on the law, and the issuance of letters testamentary to Ethel K. Stavin should be denied and the petition dismissed without costs to any party.

KUPFERMAN and MURPHY JJ., concur; STEVENS P. J., and NUNEZ, J., dissent and vote to affirm for reasons stated by MIDONICK, S. (85 Misc 2d 1056).

Decree of the Surrogate's Court, New York County entered on June 4, 1976, reversed, on the law, without costs and

without disbursements, the issuance of letters testamentary to Ethel K. Stavin denied and the petition dismissed.