In the Matter of the Estate of JACOB L. GREATSINGER, Deceased. WALTER G. FARRELL et al., Appellants-Respondents; JOHN J. JENNINGS et al., Respondents-Appellants.

Third Department, August 4, 1983

APPEARANCES OF COUNSEL

*Buck, Gleckner, Danaher & Harpending (Joseph C. Buck* of counsel), for appellants-respondents.

*John J. Jennings,* respondent-appellant *pro se.*

*Donald H. Tuttle,* respondent-appellant *pro se.*

Kane, J.

On February 20, 1915, Jacob L. Greatsinger executed his last will and testament. Paragraph 9 of the lengthy and detailed document provided for six separate trusts to be formed out of his residuary estate. One of the trusts comprised 50% of the residuary estate and provided for a trust for the lives of his daughter, Edna G. Farrell, and her husband, with the remainder to go to their issue. If there were no issue, other remaindermen were named. The remaining five residuary trusts each comprised 10% of the residuary estate. It is one of these latter trusts which forms the basis of the instant controversy.

In subparagraph 6 of paragraph 9 of the will, a trust was established for the life of Elsie A. Hammond, the testator's niece. The will went on to provide that:

"Upon the death of said Elsie A. Hammond, this trust shall cease, and I give, devise and bequeath absolutely said one-tenth part or share equally to the children, if any, of said Elsie A. Hammond, then living, and the children of any deceased child, of said Elsie A. Hammond, such issue, however, to take and receive per stirpes and not per capita.

"If, however, said Elsie A. Hammond shall die leaving surviving her no children or child or issue of a child of herself, then and in that event, I give, devise and bequeath said one-tenth part or share to my nephew, Chauncey B. Hammond, if he be then living, and if he be deceased, then to the children of himself, surviving him, if any, share and share alike."

Elsie A. Hammond (Jones) died April 10, 1980 survived by no children or issue. Her brother, Chauncey B. Hammond, died several years earlier on February 11, 1952 and was also survived by no children or issue. By his will, Chauncey B. Hammond left his entire estate to his wife, Margaret Hammond. Margaret Hammond died May 17, 1974 and by her will left her entire estate to Elsie A. Hammond (Jones). Elsie A. Hammond (Jones) left her residuary estate to John J. Jennings and Donald H. Tuttle, respondents-appellants herein. John J. Jennings and Donald H. Tuttle contend in the instant proceeding that the

remainder in the trust in question vested in Chauncey B. Hammond at the time of the testator's death even though he died without issue and failed to survive Elsie A. Hammond (Jones). Appellants-respondents herein are the remaindermen of the Edna G. Farrell trust (the trust comprising 50% of the residuary estate). They contend that the corpus of the trust in question was never effectively disposed of by subparagraph 6 of paragraph 9 of the will because of Chauncey B. Hammond's death, without issue, prior to the death of Elsie A. Hammond (Jones). They therefore contend that this property passed pursuant to paragraph 11 of the will, which provides that: "All property which I own or am seized of at my death, not hereinbefore effectually or sufficiently disposed of, shall be a part of the rest, residue and remainder of my estate." Under such a reading of the will, the remaindermen of the Edna G. Farrell trust would be entitled to a substantial portion of the residuary estate.

The Surrogate, noting that the law favors the early vesting of estates, held that the testator intended that the remainder of the trust be vested in Chauncey B. Hammond. The property therefore passed as part of his estate and thus eventually passed to John J. Jennings and Donald H. Tuttle. The remaindermen of the Edna G. Farrell trust appeal from the decree entered pursuant to this holding. John J. Jennings and Donald H. Tuttle cross-appeal from so much of the decree as determined that the issue of the allowance of counsel fees should not be determined until the outcome of the instant appeal.

■ As previously noted, the provision of the will in question gave a life estate in the property to Elsie A. Hammond (Jones), and upon her death, the property was to go to her issue. If she had no issue, the testator provided that "I give, devise and bequeath said one-tenth * * * share to * * * Chauncey B. Hammond, if he be then living, and if he be deceased * * * then to his children". This provision of the will speaks in terms of a present gift to Chauncey B. Hammond (see Restatement, Property, § 257). It is our opinion that the testator's use of the words of present gift evidences his intent to create a vested remainder in Chauncey B. Hammond at the time of the testator's death,

subject to being divested by the occurrence of either of two specific future events (see *Matter of Krooss,* 302 NY 424).

The first way Chauncey B. Hammond could be divested was if Elsie A. Hammond (Jones) died with children or issue. Although such a provision may initially seem to indicate that the remainder in Chauncey B. Hammond was contingent in nature, the language used herein, when used with words of present gift to the remainderman (Chauncey B. Hammond), has been construed to create a vested remainder in Chauncey B. Hammond subject to divestment by the happening of future events, i.e., Elsie A. Hammond (Jones) being survived by issue (*Matter of Washburn,* 24 AD2d 83, 86, affd 17 NY2d 895; see, also, *Fulton Trust Co. v Phillips,* 218 NY 573; *Stringer v Young,* 191 NY 157; *Matter of Elting,* 268 App Div 74, affd 294 NY 941). Since Elsie A. Hammond (Jones) died without issue, this first event which would have divested Chauncey B. Hammond of his estate never occurred, and it remained vested at her death.

The second way in which Chauncey B. Hammond could be divested of his estate is related to, but actually distinct from, the first. The will provided that if Elsie A. Hammond (Jones) died without issue, the property was to go to Chauncey B. Hammond "if he be then living, and if he be deceased", then to his children. Appellants-respondents contend that this provision created a contingent remainder in Chauncey B. Hammond which would vest only in the event he survived the life beneficiary. If he did not survive her, the property would pass to his issue, and if there was a failure of issue, the property would then pass pursuant to paragraph 11 of the will. This contention must be rejected.

It is established that when a will makes a substitutional gift to a remainderman's issue in the event of his death survived by issue prior to the life tenant's death, but makes no substitutional gift in the event of the remainderman's death without issue prior to the life tenant's death, a vested remainder has been created subject to divestment by the remainderman's failure to survive the life beneficiary "*if, but only if,* such remainderman leaves issue or descendants surviving" (*Matter of Krooss,* 302 NY 424, 429, *supra*).

The general rule that where a remainder is granted following a life estate and is made contingent upon survivorship, the vesting does not occur until death of the life beneficiary (*Matter of Larkin,* 9 NY2d 88), is not applicable to this case. Here, the bequest to the remainderman, but if he predeceased the life tenant, then to his issue, created a vested remainder subject to divestment only by his death with issue prior to the death of the life tenant (*Matter of Krooss,* 302 NY 424, *supra;* 35 NY Jur, Life Estates, Remainders, and Reversions, § 73, p 317).

In sum, the bequest in question was in absolute terms and used language of a present gift as of the time of the testator's death (see Restatement, Property, § 257). There is no indication of an intention that the remainderman must outlive the life tenant in order for the remainder to vest (cf. *People's Trust Co. v Flynn,* 188 NY 385; *Matter of Bierhoff,* 271 App Div 743, affd 297 NY 694). Futurity was not attached to the substance of the gift (see *Matter of Simons,* 16 Misc 2d 352). Rather, there was an outright gift with additional language attempting to qualify the estate granted. Such qualifying language should be limited to the exact circumstances specified (*Matter of Krooss,* 302 NY 424, *supra*). In the present case, Chauncey B. Hammond died without children, and thus his remainder was not defeated.

We note that there is no merit to the argument that the testator did not favor his collateral heirs (including Chauncey B. and Elsie Hammond). The collateral heirs were given substantial bequests in the will and indeed a reading of the will reveals they enjoyed a "favored" status in the testamentary scheme. In particular, Chauncey B. Hammond was bequeathed the testator's treasured gold watch and chain, the first bequest contained in the will. We therefore conclude that the remainder in question vested in Chauncey B. Hammond at the time of the testator's death. The events which could have divested it did not occur and, accordingly, it remained vested and passed pursuant to his will.

 Respondents-appellants have cross-appealed from so much of the Surrogate's decree as reserved for future consideration, pending the outcome of this appeal, the

question of the allowance of counsel fees for appellants-respondents. Since the instant proceeding has served to resolve a justifiable doubt as to the testator's intent caused by the language used in the will, counsel fees should be awarded (see SCPA 2302, subd 6; *Matter of Hedrick,* 52 AD2d 1035).

The decree should be modified, on the law and the facts, so as to direct the allowance of counsel fees, and the matter remitted to the Surrogate's Court of Chemung County for a determination as to the amount thereof, and, as so modified, affirmed, with costs to each party filing a brief payable out of the estate.

MAHONEY, P. J., MAIN, CASEY and MIKOLL, JJ., concur.

Decree modified, on the law and the facts, so as to direct the allowance of counsel fees, and matter remitted to the Surrogate's Court of Chemung County for a determination as to the amount thereof, and, as so modified, affirmed, with costs to each party filing a brief payable out of the estate.