OPINION OF THE COURT
 

 Meyer, J.
 

 It was an abuse of discretion as a matter of law for the
 
 *179
 
 Appellate Division to direct that the fees of counsel for the unsuccessful contestants in a will construction proceeding for the remainder of a trust of 10% of the residuary estate be paid out of the trust because it was the only one of several trusts created by the testator which was the subject of the proceeding. Other factors that should have been considered by the Appellate Division in making its determination but were ignored were that the proceeding had been brought by the trustee, not by the unsuccessful contestants, that the latter had received distribution of 50% of the residuary estate and that the fees awarded together with the fees allowed the trustee’s attorney and the fees payable by the successful contestants would reduce the remainder of the 10% trust by more than 20%. The order of the Appellate Division affirming the Surrogate’s order fixing counsel fees pursuant to the direction of the Appellate Division should, therefore, be reversed, with costs, and the application of the unsuccessful contestants for an award of counsel fees out of the estate should be denied.
 

 I
 

 The will of Jacob Greatsinger divided his residuary estate into six separate trusts. Of one, consisting of 50% of the residuary estate, Edna G. Farrell was the life tenant. The remaining 50% was divided into five trusts of 10% each, of one of which Elsie A. Hammond was life tenant. Because Elsie Hammond outlived all of the other life tenants (she was 97 when she died), the only part of the residuary estate remaining in the hands of the trustees was the corpus of Elsie’s 10% trust. The Greatsinger will being unclear concerning disposition of the remainder of Elsie’s trust, the trustee began a construction proceeding. The issue for determination in that proceeding was whether Chauncey B. Hammond, Elsie’s brother, had a vested or a contingent remainder in that trust upon termination of her life estate. If vested, the trust corpus, valued at some $53,000, belonged to his heirs (hereafter "Chauncey’s heirs” for short); if contingent, they would receive but 10% of the corpus, the remaining 90% going to the remaindermen of the other residuary trusts, with the remaindermen of Edna Farrell’s 50% trust (hereafter "Edna’s remaindermen”) receiving 50% of the corpus.
 

 The Surrogate held that Elsie’s trust passed to Chauncey’s
 
 *180
 
 heirs but, as authorized by SCPA 2301 (5), reserved for future consideration, pending the outcome of any appeal, the question of counsel fees. Edna’s remaindermen appealed on the merits; Chauncey’s heirs cross-appealed as to counsel fees. The Appellate Division affirmed on the merits, but on the cross appeal directed an award of fees to the remaindermen, citing SCPA 2302 (6), because "the instant proceeding has served to resolve a justifiable doubt as to the testator’s intent caused by the language used in the will” (95 AD2d 123, 128). On remand to the Surrogate, he allowed counsel fees of $5,000, plus disbursements, to the. attorneys for the trustee and of $4,900, plus disbursements, to the attorneys for Edna’s remainder-men. On further appeal by Chauncey’s heirs to the Appellate Division, they did not contest the fee to the trustee’s attorneys, but argued that Edna’s remaindermen, having been unsuccessful, were not entitled to allowance of attorney’s fees. The Appellate Division noted its prior holding "that the proceeding * * * had resolved a justifiable doubt as to the testator’s intent and that counsel fees were appropriate”, and that the present appeal involved the amount and manner of payment of such fees (107 AD2d 873). It held that the Surrogate had not abused his discretion in fixing the amount, and as to the manner of payment ruled "that since only one trust of several created by the will was the subject of these proceedings, the Elsie Hammond Trust, it is entirely appropriate that all fees and disbursements be paid from this source alone”
 
 (id.,
 
 at p 874).
 

 Chauncey’s heirs then appealed under CPLR 5601 (d) from the Appellate Division order affirming the fixing of fees, seeking review of that order and the prior nonfinal order of the Appellate Division directing the allowance of counsel fees. We affirmed the prior nonfinal order, holding that it was not an abuse of discretion as a matter of law for the Appellate Division to direct the allowance of counsel fees, without further specification. (66 NY2d 680.) The appeal from the second Appellate Division determination was, however, dismissed insofar as review of that order was sought without prejudice to a motion for leave to appeal, because that order was not properly before the court for review (CPLR 5501 [b]). Thereafter the court granted appellants’ motion for leave to appeal from that order
 
 (Matter of Greatsinger,
 
 67 NY2d 602). The only issue presented by this appeal, therefore, is whether it was an abuse of discretion as a matter of law to award any
 
 *181
 
 counsel fees to Edna’s remaindermen.
 
 [1]
 
 We conclude that it was.
 

 II
 

 Although SCPA 2301 (2) states that, "Any award for costs or an allowance is in all instances discretionary with the court”, and SCPA 2302 (6) authorizes the court in a construction proceeding to "award to a fiduciary or
 
 any
 
 party to the proceeding * * * counsel fees” (emphasis supplied), those provisions must be read together with SCPA 2301 (4), which provides that, "Except where special provision is otherwise made by law costs or an allowance may be made payable by any party personally or out of the assets of the estate or out of the share or interest of any person or from both in such proportion
 
 as directed by the court and justice requires”
 
 (emphasis supplied). The phrase "as justice requires” means "that there are no 'as matter of law’ requirements one way or the other as to those matters which are to be dealt with in the discretion of the courts, on all the facts”
 
 (Vanderbilt v Vanderbilt,
 
 1 NY2d 342, 353). It grants the court a broad discretion, but not one unrelated to the facts
 
 (Johnson v Johnson,
 
 295 NY 477, 481). What it grants is a judicial discretion, which though it "is a phrase of great latitude * * * never means the arbitrary will of the judge”
 
 (Tripp v Cook,
 
 26 Wend 143, 152;
 
 accord, People v Diaz,
 
 10 AD2d 80, 90;
 
 McGurty v Delaware, Lackawanna & W. R. R. Co.,
 
 172 App Div 46, 47). Rather, it vests in the court "a discretion which is not to be exercised arbitrarily, and which is subject to review in the Court of Appeals, but only as to whether or not it has been abused and not on its merits” (Cohen and Karger, Powers of the New York Court of Appeals § 149, at 593 [rev ed];
 
 see also,
 
 595; and § 155, at 607). The question we must decide, therefore, is whether in exercising its discretion to allow any fee at all to Edna’s remaindermen, the Appellate Division failed to
 
 *182
 
 take into account all of the various factors entitled to consideration
 
 (see, H & J Blits v Blits,
 
 65 NY2d 1014;
 
 Belachew v Michael,
 
 59 NY2d 1004, 1006).
 

 The factors to be considered in making an award of counsel fees in a will construction proceeding are spelled out by the case law. Prior to the amendment in 1928
 
 [2]
 
 of Surrogate’s Ct Act § 278, the predecessor of SCPA 2302 (6), there was no authority to award fees to a party to a construction proceeding other than an executor or trustee, except in cases in which the estate had been enhanced by a surcharge against the executor or trustee, the theory being that the attorneys for individual beneficiaries acted to protect the individual interests of the beneficiaries
 
 (Matter of Holden,
 
 126 NY 589;
 
 Savage v Sherman,
 
 87 NY 277;
 
 Matter of Winburn,
 
 160 Misc 49). Cases decided since that amendment have held an allowance unjustified when the petitioner was not successful and the services rendered were not beneficial to the estate
 
 (Matter of Mahlstedt,
 
 234 App Div 891), and when the services were rendered in a proceeding initiated by the trustee, which was represented by its own attorney, and were not required for the protection of any common interest of the party represented by the petitioning attorneys and the trustee
 
 (Matter of Wadsworth,
 
 275 NY 590,
 
 affg
 
 250 App Div 11, 14). Of interest also, although distinguishable,
 
 [3]
 
 is
 
 Dodd v Anderson
 
 (197 NY 466, 472), which characterized as harsh and unjust a rule which "would cast the financial burden of a contest upon those who win it * * * only to realize that [the estate] had been heavily charged or entirely absorbed [by the fees awarded].”
 

 Doubt as to the testator’s intent is a proper basis for the bringing of a construction proceeding and for the allowance of counsel fees to the successful petitioner’s attorneys payable from the general estate rather than by petitioner personally
 
 (Matter of Liberman,
 
 6 NY2d 525;
 
 Matter of Hedrick,
 
 52 AD2d 1035), or rather than from the trust share of an unsuccessful annuitant
 
 (Matter of Fowler,
 
 291 NY 515,
 
 affg
 
 265 App Div 617). From this it follows, as held in
 
 Matter of James
 
 (264 App Div 885), that, "A party instituting a construction proceeding,
 
 *183
 
 in good faith, to resolve a justifiable doubt, caused by the language employed in the will, as to the testator’s intent, may be compensated out of the estate for his expenses, although he be unsuccessful in the proceeding”. But, although lack of success does not necessarily bar an award of fees,
 
 [4]
 
 such fees are generally to be paid out of the principal of all of the trusts rather than out of the trust share of one party, even though the question decided in the construction proceeding concerned the latter’s share, at least where the question was one that had a practical bearing upon other provisions of the will
 
 (Matter of Upjohn,
 
 304 NY 366;
 
 see, Matter of Fowler, supra).
 
 Thus, in
 
 Matter of Ablett
 
 (3 NY2d 261), we affirmed the Appellate Division’s affirmance of the Surrogate’s award of allowances to attorneys for all parties involved out of the estate, rather than out of that part of the estate passing to the unsuccessful party whose right to receive it gave rise to the construction proceeding, and in so doing noted (3 NY2d, at pp 278-279) that:
 

 "The Surrogate charged the allowances against the entire residuary estate on the theory that the appellants would have gained a substantial amount if their contention had prevailed and that there was no reason to penalize the successful party for the benefit of the unsuccessful parties thereby destroying the legacy by indirection. In affirming the Surrogate’s decree, the Appellate Division wrote: '* * * the appellant charities sought to benefit by a construction that the share of respondent had lapsed, contending vigorously for the entire residuary estate, and it seems inequitable to burden the share of the victorious party with the payment of fees for the losers’ attorneys. He who stands to gain should also stand to lose. The Surrogate has exercised his discretion, which is founded on a good reason and seems to be in accord with the usual practice in construction proceedings, which in a sense are beneficial to the entire estate by clarifying the will [citations omitted].’
 

 "We think nothing more need be said on the subject of allowances.”
 

 None of the above cases is exactly determinative of the issue
 
 *184
 
 presented, by this appeal, but from them can be distilled as factors to be considered in determining whether a fee award should be made and from what source it should be paid the following, no one of which is by itself determinative: whether there was a justifiable doubt necessitating construction; who instituted the proceeding; whether the party seeking a fee award acted solely in his own interest or in the common interest of himself and the estate; whether he was successful; whether there was benefit from the attorney’s services to the entire estate or only to the share of the party seeking the award; what the effect of payment of the award will be upon the estate share of the successful party.
 

 The only factor mentioned by the Appellate Division to justify payment from Elsie’s trust alone was that it was the only one of several trusts created by the will that was the subject of the proceeding (107 AD2d, at p 874), and the only factor justifying award of counsel fees at all was that "the instant proceeding has served to resolve a justifiable doubt as to the testator’s intent caused by the language used in the will” (95 AD2d, at p 128). In so doing it ignored the facts that the construction proceeding was begun by the trustee, not by Edna’s remaindermen, that the latter, in arguing, as was their right, that Chauncey’s remainder interest was contingent rather than vested, acted in their own interest rather than in any interest common with the estate,
 
 [5]
 
 that they had previously received distribution of a trust five times greater than the corpus of Elsie’s trust, that they were unsuccessful, that the fees awarded to the trustee and to Edna’s remaindermen constituted 20% of the corpus of Elsie’s trust, and that the corpus receivable by the successful party, Chauncey’s heirs, would be further reduced by such fees as they may have incurred in connection with the construction proceeding. That Elsie’s trust was the only trust corpus remaining in the trustee’s hands did not require that a fee allowance to the attorney for Edna’s remaindermen be paid out of that trust, for although SCPA 2110 (2) authorizes payment of attorney’s fees only out of the estate, SCPA 2302 (6) makes clear that counsel fees in a construction proceeding constitute an allowance and, as already noted, SCPA 2301 (4) provides that "an
 
 *185
 
 allowance may be made payable by any party personally or out of the assets of the estate”.
 

 In sum, it was an abuse of discretion as a matter of law to allow attorney’s fees of Edna’s remaindermen payable from the corpus of Elsie’s trust solely because that was the only corpus in the hands of the trustee when the construction issue ripened, and without taking into consideration that Edna’s remaindermen did not initiate the proceeding, acted in their own rather than any interest common with the trustee, and were unsuccessful, and the substantial detriment (20% plus) to Chauncey’s heirs that would result were the fees awarded Edna’s remaindermen paid from the trust corpus rather than by those remaindermen personally
 
 (see, H & J Blits v Blits,
 
 65 NY2d 1014,
 
 supra).
 

 For the foregoing reasons, the order of the Appellate Division affirming the Surrogate’s order fixing counsel fees pursuant to the direction of the Appellate Division should be reversed, with costs, and the application of Edna’s remainder-men for an award of counsel fees out of the estate should be denied.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.
 

 [1]
 

 . [2] A preliminary question concerning preservation arises because although an affidavit in the record recites that a memorandum in opposition to allowance of counsel fees to Edna’s remaindermen was filed with the Surrogate, neither that memorandum nor any other paper in opposition is reproduced as part of the record. But the counsel fee issue having been reserved by the Surrogate pending outcome of the first appeal, as he was authorized by SCPA 2301 (5) to do, SCPA 2302 (6) contemplates direction as to counsel fees by the Appellate Division in the first instance and, as is evident from the opinion of the Appellate Division on the first appeal, the issue was contested in that court. We conclude, therefore, that it has been preserved for review.
 

 [2]
 

 . Laws of 1928 (ch 702), authorized allowance in such a proceeding in the Surrogate’s Court but not for services on appeal
 
 (Matter of Watson,
 
 264 NY 697,
 
 affg
 
 241 App Div 842;
 
 Matter of Winburn,
 
 160 Misc 49). Laws of 1935 (ch 597) expanded that authority to include services on appeal as well.
 

 [3]
 

 . Involved was not a construction proceeding, but whether a person named as executor in a will, who unsuccessfully sought probate of it, could recover the counsel fees incurred.
 

 [4]
 

 . Chauncey’s heirs argue against that conclusion on the basis of the general rule that costs may be denied a successful party, but he never pays them
 
 (Stevens v Central Natl. Bank,
 
 168 NY 560, 567). The cost analogy does not stand up in view of the provisions of SCPA 2301 (4) with respect to source of payment and the authorization in SCPA 2302 (6) to award counsel fees to any party.
 

 [5]
 

 . As Surrogate Foley noted in
 
 Matter of Winburn
 
 (160 Misc 49, 54): "There is a clear distinction between services rendered for the benefit of an estate and services claimed to have been rendered between individual beneficiaries of an estate.”