■ In the Matter of the Estate of MARGUERITE C. BENSEL, Deceased. JOHN E. FITZGERALD, Appellant; KURT E. KLINDWORTH, Respondent.—In a proceeding for the construction of a will provision concerning the appointment of a successor cotrustee, the petitioner appeals, (1) as limited by his brief, from so much of a decree of the Surrogate's Court, Westchester County (Brewster, S.), dated February 25, 1985, as denied his petition to construe a certain provision of the decedent's will as authorizing him to designate a cotrustee and which construed this provision authorizing such an appointment only when the last of three named fiduciaries was serving as sole trustee; and (2) from an order of the same court, dated December 19, 1985, which denied his motion for renewal.

Ordered that the decree is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to Surrogate's Court, Westchester County, for entry of a decree appointing John Fitzgerald, Jr., as a cotrustee; and it is further,

Ordered that the appeal from the order dated December 19, 1985 is dismissed, without costs or disbursements, as academic, in light of the determination on the appeal from the decree.

The appellant brought a petition seeking a construction of a certain provision of the decedent's last will and testament to the effect that he was authorized to appoint his son as successor trustee. The provision provides for the appointment of executors and trustees, as follows: "ELEVENTH: I hereby nominate, constitute and appoint GERALD F. MCPHILLIPS and JOHN E. FITZGERALD, or the survivor, of Glens Falls, New York, Executors of this my Last Will and Testament and Trustees of the trusts herein created. In the event that both of the persons named as Executors and Trustees above shall predecease me or fail for any reason to qualify or to complete their duties as such, then I name MARTIN A. MEYER as Executor and/or Trustee hereunder. *If at any time only one of such named persons is serving as Executor and/or Trustee hereunder, I authorize such sole Executor and/or Trustee to name as Co-Executor and/or Co-Trustee, another responsible individual or a corporate trustee.* Should at any time there be no qualified trustee serving hereunder, I authorize all of the then adult income beneficiaries, by written instrument, to designate a corporate trustee to serve with the same powers as if origi-

nally designated hereunder or to remove any corporate trustee previously designated. I direct that no bond or other security for the faithful performance of the duties of my said Executors or Trustees shall be required by the courts of this State or of any other state or jurisdiction" (emphasis supplied).

The appellant and McPhillips were appointed executors and trustees when the will was admitted to probate on May 9, 1972. McPhillips died on January 1, 1982. The appellant then instituted this proceeding for the appointment of his son as cotrustee. The court denied the appellant's petition and construed the will provision to the effect that two trustees were not required to be serving at all times. Further, the court found that the underscored portion of this provision authorizes the appointment of a cotrustee only at such time as the last of the three named fiduciaries is serving as sole trustee. We disagree with the court's construction of this provision.

In any construction proceeding, the court must attempt to ascertain the intent of the testator (see, Matter of Fabbri, 2 NY2d 236). We are in agreement with the Surrogate's Court that paragraph ELEVENTH of the decedent's will clearly evinces the intent that the successor trustee, Martin A. Meyer, is to serve only upon the event that both named trustees are unable to act. However, we find that this paragraph also clearly authorizes any of the named trustees to appoint a cotrustee at any time that he is serving alone. Thus, upon the death of McPhillips, the appellant was authorized to appoint a cotrustee.

Finally, we note that the record before this court supports the conclusion that John Fitzgerald, Jr., is a "responsible" individual to serve as trustee, in accordance with the will provision requiring the appointment of such an individual. At the time of the application, he had completed his second year of law school, and, significantly, each trust beneficiary endorsed and consented to this appointment.

Accordingly, we remit the matter to the Surrogate's Court for entry of a decree appointing John Fitzgerald, Jr., as a cotrustee. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.