■ In the Matter of the Trust Created Under the Last Will and Testament of ELLSWORTH M. STATLER, Deceased, and the Indenture. WILLIAM J. CUNNINGHAM, JR., as Trustee of the Statler Foundation, Respondent; MARGUERITE COLLESANO, as Trustee of the Statler Foundation, Appellant; JOSEPH DI NARDO et al., Respondents. BERNARD A. TOLBERT et al., as Trustees of the Statler Foundation, Respondents. (Appeal No. 1.) [811 NYS2d 846]—

Appeal from an order of the Surrogate's Court, Erie County (Barbara Howe, S.), entered April 20, 2004. The order, insofar as appealed from, appointed a successor trustee.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: With respect to the order in appeal No. 1, we conclude that the Surrogate did not err in exercising her discretion under SCPA 1502 and the 1934 Indenture of Trust (Indenture) in appointing a successor to the trustee who resigned (*see Matter of Statler's Will*, 81 NYS2d 916, 918-919 [1948], *affd* 276 App Div 818 [1949], *affd* 301 NY 645 [1950]). The Surrogate's authority to appoint a successor is established by paragraph Eighth of the Indenture, which states that, "[i]n case of the . . . resignation . . . of any Trustee hereunder, the Surrogate . . . may from time to time designate and appoint a successor Trustee or Trustees so that there shall at all times be at least three trustees qualified and acting hereunder." We further conclude that, even absent an application for appointment of a successor trustee, the Surrogate has the authority under the Indenture to appoint one or more trustees to replace a single resignor and thereby maintain the total number of trustees at more than three. The Surrogate's exercise of that authority did not "contravene the express terms of the" Indenture (SCPA 1502 [2]). We cannot construe the Indenture as providing that the Surrogate has the authority to act only if the number of trustees falls below three. Rather, the Indenture sets a minimum and not a maximum with respect to the number of trustees who should serve at any given time.

We conclude with respect to the order in appeal No. 2 that, in view of the factors set forth in *Matter of Greatsinger* (67 NY2d 177, 183-184 [1986]), the Surrogate did not abuse her discretion in denying the request of petitioner, a trustee, seeking reimbursement from the trust for the amount of counsel fees incurred in opposing the Surrogate's appointment of a successor trustee (*see id.* at 181; *see generally* SCPA 2301 [2], [4]; 2302 [6]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.