Egan Jr., J.
Appeals (1) from an order of the Surrogate’s Court of Schoharie County (Wilhelm, S.), entered February 27, 2014, which, among other things, granted petitioner’s application, in a proceeding pursuant to SCPA 1502, to issue letters of successor cotrusteeship for the trust created under the will of Philip Schuyler, and (2) from an order and that part of a decree of said court, entered June 5, 2014 and June 23, 2014, which denied petitioner’s application for an award of counsel fees.
At the time of his death in 1988, Philip Schuyler (hereinafter decedent) was survived by his three children — petitioner, Philip *1161 Schuyler Jr. and respondent Ann Baird Schuyler.[1] Insofar as is relevant here, decedent’s last will and testament divided the residue and remainder of his estate into three equal parts; petitioner and Schuyler Jr. each received their respective shares outright, while the one-third interest bequeathed to Ann Baird Schuyler was placed in a trust (hereinafter the subject trust) for her benefit during the course of her lifetime. Decedent’s will further provided that, in the event that Ann Baird Schuyler died without leaving surviving issue, the principal of the subject trust (together with any accumulated income) was to be paid over to decedent’s surviving children per stirpes. Schuyler Jr. and KeyBank N.A. were named as the executors of decedent’s estate and as the trustees of the subject trust.
Schuyler Jr. and KeyBank served as cotrustees of the subject trust until Schuyler Jr. died in May 2012. At the time of his death, Schuyler Jr. was survived by his three children — respondents Deborah Ann Trafton and Peter Andrew Schuyler and their sister, Karen Lee Filteau — each of whom are contingent remainder beneficiaries of the subject trust with a one-sixth interest therein. Petitioner, a contingent remainder beneficiary with a one-half interest in the subject trust, subsequently commenced this proceeding pursuant to SCPA 1502 seeking to have letters of successor cotrusteeship issued to her son, James Schuyler Dilworth. Ann Baird Schuyler, Peter Andrew Schuyler and Trafton (hereinafter collectively referred to as respondents) opposed the requested relief.[2] Following a conference with counsel and review of the parties’ respective submissions, Surrogate’s Court dismissed respondents’ objections and, by order entered February 27, 2014, directed, among other things, that letters of successor cotrusteeship be issued to Dilworth. In so doing, Surrogate’s Court concluded that it was decedent’s “intent[ion] to have a family member and KeyBank or their successors serve as co-trustees for the duration of the [subject] trust.” Thereafter, petitioner moved for an award of counsel fees and, by order entered June 5, 2014 and decree entered June 23, 2014, Surrogate’s Court, among other things, denied petitioner’s request. Respondents now appeal from the court’s February 2014 order directing the issuance of letters of successor cotrusteeship to Dilworth, and petitioner appeals from the June 2014 order and so much of the June 2014 decree as denied her application for counsel fees.
*1162 Turning first to respondents’ appeal, we agree that the appointment of Dilworth as a successor cotrustee of the subject trust violates the provisions of SCPA 706 and 1502.[3] SCPA 1502 (1) provides, in relevant part, that “[t]he court may appoint a trustee or successor or successors or co-trustee or co-trustees whenever there is no trustee able to act or all or one of the trustees is unable to act and a successor or co-trustee in his [or her] or their place is necessary in order to execute the trust or execute any power created by a will or lifetime trust instrument creating a trust” (emphasis added). That said, SCPA 1502 (2) limits the appointment power otherwise vested in Surrogate’s Court by providing that “[t]he court shall not appoint a trustee, successor or co-trustee if the appointment would contravene the express terms of the will or lifetime trust instrument or if a trustee may be or has been named in the will or lifetime trust instrument as successor, substitute or co-trustee and is not disqualified to act” (emphasis added). More to the point, SCPA 706 (1) expressly provides that “fw]here one of two or more fiduciaries dies . . . , a successor to the deceased fiduciary . . . shall not be appointed, except where such appointment is necessary in order to comply with the express terms of a will or lifetime trust instrument.” In construing the import of this language, it has been noted that SCPA 706 “is not a canon of construction. It is rather a direction as to when successor [trustees] shall be appointed” (Matter of Stavin, 56 AD2d 68, 70 [1977], affd 43 NY2d 669 [1977]).
Here, regardless of the statutory provision invoked, it is clear that petitioner’s application for letters of successor cotrusteeship must fail. There is no dispute that KeyBank has at all times been — and remains — ready, willing and able to act as trustee of the subject trust, and nothing in the record suggests that KeyBank is incapable of — or has been disqualified from— performing the fiduciary duties imposed (compare Matter of Seidman, 58 AD2d 72, 75-76 [1977]) or that it otherwise requires assistance to carry out its obligations in this regard (compare Matter of Fernbach, 257 AD2d 537, 538 [1999]). Additionally, the record fails to disclose that the appointment of a successor cotrustee is necessary — either to execute the provi *1163 sions of the subject trust (see SCPA 1502 [1]; compare Matter of Moser, 139 Misc 2d 958, 960 [Sur Ct, Nassau County 1988]) or “to comply with the express terms of [decedent’s] will” or the trust itself (SCPA 706 [1]; compare Matter of Statler, 27 AD3d 1163, 1164 [2006]). Notably, there is no danger that the subject trust will be extinguished or terminate if a successor cotrustee is not appointed (compare Matter of Phipps, 2 NY2d 105, 108-109 [1956]), and decedent’s will does not expressly require that a family member and KeyBank serve as cotrustees for the duration of the trust (see generally Goldstein v Trustees of Sailors’ Snug Harbor in City of N.Y., 277 App Div 269, 280 [1950]). Indeed, decedent’s will is silent as to the appointment of successor cotrustees, and decedent’s references to the subject trust’s cotrustees and/or their successors in the plural form, although numerous, fall far short of constituting an express requirement that the trust forever be managed by a family member and a corporate entity.
To the extent that Surrogate’s Court found that decedent “intended to have a family member and KeyBank or their successors serve as co-trustees for the duration of the trust,” two additional points must be noted. First, had this truly been decedent’s intent from the outset, he easily could have included a provision in his will to that effect (see e.g. Matter of Bensel, 127 AD2d 832, 832-833 [1987] [“If at any time only one of such named persons is serving as (e)xecutor and/or (t)rustee hereunder, I authorize such sole (e)xecutor and/or (t)rustee to name as (c)o-(e)xecutor and/or (c)o-(t)rustee, another responsible individual or corporate trustee”] [emphasis omitted]). More to the point, the general principles relied upon by Surrogate’s Court in this regard — that decedent’s intent should be gleaned “from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed” (Matter of Prevratil, 121 AD3d 137, 146 [2014] [internal quotation marks, emphasis and citations omitted]) — cannot be invoked to create the “express terms of a will or lifetime trust instrument” required by SCPA 706 (1). In other words, that which may be divined only by implication necessarily cannot constitute an express testamentary provision (see Matter of Stavin, 56 AD2d at 70-71). As the Court in Stavin succinctly stated, such inferential language “is precisely the kind of language that the statute [says] shall not govern the appointment of successor [trustees]. Only express terms shall control. Presumably, considerations of practicality, administration expense, and avoidance of unnecessary disputes persuaded the Legislature to require that if a successor [trustee] is to be appointed, the will shall plainly and expressly *1164 say so” (id. [internal quotation marks omitted]). Accordingly, we agree with respondents that decedent’s will neither permits nor requires the appointment of a successor cotrustee under these circumstances.
Turning to petitioner’s appeal from the June 2014 order and so much of the June 2014 decree as denied her application for counsel fees ($23,107.50), petitioner argues that Surrogate’s Court abused its discretion in failing to grant her an award of reasonable counsel fees as provided for in SCPA 2302 (6). The primary flaw in petitioner’s argument on this point is that petitioner did not invoke this particular subdivision of SCPA 2302 in her application to Surrogate’s Court; as an award of counsel fees under this subdivision requires consideration of the factors set forth in Matter of Greatsinger (67 NY2d 177, 183-184 [1986]) — factors that were not outlined by petitioner and, hence, were not considered by Surrogate’s Court— petitioner cannot invoke the provisions of SCPA 2302 (6) for the first time on appeal (see generally Diarrassouba v Consolidated Edison Co. of N.Y. Inc., 123 AD3d 525, 525 [2014]; Titova v D’Nodal, 117 AD3d 431, 431 [2014]). In any event, regardless of the statutory provision employed, we agree with Surrogate’s Court that petitioner failed to demonstrate that the subject trust derived a benefit from petitioner’s commencement of this proceeding (see Matter of Hughes, 220 AD2d 418, 419 [1995]). Accordingly, Surrogate’s Court did not abuse its discretion in denying petitioner’s application in this regard. The parties’ remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lahtinen, J.P., Lynch and Devine, JJ., concur. Ordered that the order entered February 27, 2014 and the decree entered June 23, 2014 are modified, on the law, without costs, by reversing so much thereof as granted petitioner’s application seeking the issuance of letters of successor cotrusteeship for the trust created under the will of Philip Schuyler and directed that said letters be issued to James Schuyler Dilworth; petitioner’s application dismissed; and, as so modified, affirmed. Ordered that the order entered June 5, 2014 is affirmed, without costs.

. Decedent’s spouse, Mildred Schuyler, predeceased him, and the testamentary trust created under her will is the subject of related appeals (Matter of Schuyler, 133 AD3d 1164 [2015] [decided herewith]).

. Filteau waived citation and asked that the petition be granted.

. Contrary to petitioner’s assertion, inasmuch as the applicability of SCPA 706 presents a purely legal question that appears on the face of the record and could not have been avoided had it been raised in Surrogate’s Court, this issue may be raised for the first time on appeal (see Basu v Alphabet Mgt. LLC, 127 AD3d 450, 450 [2015]; Chapman, Spira & Carson, LLC v Helix BioPharma Corp., 115 AD3d 526, 528 [2014]; cf. Matter of Swantz v Planning Bd. of Vil. of Cobleskill, 34 AD3d 1159, 1160 n [2006]; Matter of Johnson v Shelmar Corp., 2 AD3d 1010, 1010 n [2003]).